915 So.2d 807 (2005)
STATE of Louisiana
v.
Robert L. THIBODEAUX.
No. 2004 KA 1166.
Court of Appeal of Louisiana, First Circuit.
April 20, 2005.
*808 Julie A. Collins, Baton Rouge, Counsel for Appellee State of Louisiana.
Gwendolyn Brown, Baton Rouge, Counsel for Defendant/Appellant Robert L. Thibodeaux.
Before: WHIPPLE, DOWNING and HUGHES, JJ.
DOWNING, J.
The defendant, Robert L. Thibodeaux, was originally charged by bill of information with ten counts of molestation of a juvenile, violations of La. R.S. 14:81.2. He entered a plea of not guilty as to all charges. The State amended the bill of information, as to each count, charging the defendant with ten counts of indecent behavior with juveniles, violations of La. R.S. 14:81. The defendant withdrew his previous pleas and, as to each count, entered a plea of guilty as charged. Subsequently, the defendant was sentenced to three (3) years imprisonment at hard labor, as to each count. The trial court ordered that the sentences be served consecutive to one another. The trial court also noted that the defendant is required to complete all sex offender notifications and registration upon his release from the Department of Corrections. The defendant filed a motion to reconsider sentence and a motion to withdraw guilty pleas. After a hearing, the trial court denied both motions with written reasons for judgment. The defendant now appeals, arguing that the trial court erred in imposing excessive sentences and in denying the motion to reconsider sentence. For the following reasons, we affirm the convictions, vacate the sentences and remand for resentencing.

STATEMENT OF FACTS
The facts of the instant offenses have not been fully developed as the defendant ultimately waived his right to a trial and pled guilty to the amended charges. The following colloquy took place as the trial court offered the factual basis for the offenses prior to the acceptance of the defendant's guilty pleas:
THE COURT:
They tell me the facts of your case as follows. I want you to listen carefully and tell me if this is true: That in Ascension Parish, during the time period of January 1st, 1990 to 12/31/97, defendant on at least ten occasions did commit lewd or lascivious acts upon the person ... of N.J. with the intent to arouse or gratify the sexual desires of either person. Do you understand that?
THE DEFENDANT:
Yes.

*809 THE COURT:
At the time you committed the act, there was a difference of more than two years between you and the victim?
THE DEFENDANT:
Yes. Yes.
THE COURT:
So, you agree with these facts?
THE DEFENDANT:
Yes.

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
In the first assignment of error, the defendant avers that the trial court erred in imposing excessive sentences. The defendant specifically argues as follows. First, he contends that the trial court failed to give due consideration to mitigating factors. Second, the defendant contends that the credibility of the victim is questionable. Third, the defendant contends there is no basis for the trial court's assertion that there is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime. Fourth, the defendant claims that the trial court failed to tailor the sentences specifically to the defendant. Fifth, the defendant argues that the trial court relied heavily upon its baseless finding that the victim suffered permanent physical and psychological injury. Sixth, the defendant contends that the record lacks justification for the trial court's imposition of consecutive sentences. Finally, the defendant cites several cases and avers that an analysis of sentences imposed in comparable cases reveals that the sentences imposed herein are disproportionately excessive. In his second assignment of error, the defendant avers that the trial court erred in denying his motion to reconsider sentence.
"Whoever commits the crime of indecent behavior with juveniles shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than seven years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893." La. R.S. 14:81 C. Herein, the defendant was sentenced to three years at hard labor on each of the ten counts. The defendant was ordered to complete all sex offender notifications and registration upon his release from prison. The trial court ordered that the sentences be served consecutively. Thus, the defendant was sentenced to a thirty-year term of imprisonment.
Article I, section 20, of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. A sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Hurst, 99-2868, pp. 10-11 (La.App. 1st Cir.10/3/00), 797 So.2d 75, 83, writ denied, XXXX-XXXX (La.10/5/01), 798 So.2d 962.
A trial court's reasons for imposing sentence, as required by La.Code Crim. P. art. 894.1, are an important aid to this Court when reviewing a sentence *810 alleged to be excessive. State v. McKnight, 98-1790, p. 25 (La.App. 1st Cir.6/25/99), 739 So.2d 343, 359, writ denied, 99-2226 (La.2/25/00), 755 So.2d 247. A review of the individual sentence should consider the circumstances of the crime along with the trial court's stated reasons and factual basis for its sentencing. State v. Williams, 93-1421, p. 4 (La.App. 1st Cir.5/20/94), 638 So.2d 665, 667. If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently, unless the court expressly directs that some or all be served consecutively. La.Code Crim. P. art. 883. Consecutive sentences for convictions stemming from a common scheme or plan require particular justification. See State v. Johnson, 99-0385, p. 7 (La.App. 1st Cir.11/5/99), 745 So.2d 217, 221, writ denied, XXXX-XXXX (La.11/30/00), 774 So.2d 971. Thus, when consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. State v. Hopson, 35,436, p. 13 (La.App. 2nd Cir.12/28/01), 803 So.2d 1090, 1099.
As noted by the trial court, the Pre-Sentence Investigation Report herein indicates that this defendant does not have a history of delinquency or criminal activity prior to the instant offense. In State v. Stamper, 624 So.2d 1208 (La.1993), the Supreme Court issued a short per curiam opinion in which it found that the trial court abused its discretion in imposing consecutive rather than concurrent sentences. The Supreme Court found that the defendant's actions constituted a common scheme or plan, for which concurrent sentences are more appropriate. Accordingly, the Supreme Court ordered the sentences to be served concurrently. The appellate opinion provides the facts of the case. State v. Stamper, 615 So.2d 1359 (La.App. 2nd Cir.1993). Stamper was convicted of three counts of indecent behavior with three male juveniles. The victims were the ages of sixteen, fifteen and fourteen and attended a group known as Al-a-teen. The defendant was the adult sponsor of the group, and the incidents occurred while the victims were spending the night at the defendant's home. The trial court sentenced Stamper to sentences of four, five and six years, to run consecutively. The court of appeal addressed the issue of consecutive sentences, but found that the trial court did not err in ordering the sentences to run consecutively. The appellate court noted that "[a]lthough the trial court found that defendant's acts constituted a pattern of behavior, they were sufficiently separate and distinct so as not to arise out of a single course of conduct." Stamper, 615 So.2d at 1365. It appears from the facts set forth by the appellate court, that the offenses occurred on different dates. Nonetheless, the Supreme Court found the defendant's actions constituted a common scheme and ordered concurrent sentences.
In State v. Brown, 627 So.2d 192, 199-200 (La.App. 3rd Cir.1993), writ denied, 93-3101 (La.3/18/94), 634 So.2d 850, the court noted that in cases involving a first time felony offender, concurrent rather than consecutive sentences should be imposed where the offender's convictions arose out of the same course of conduct. In Brown, the defendant was convicted of forcible rape and several counts of sexual battery based upon different sexual acts performed upon his stepdaughter. The court reversed two of the sexual battery convictions for insufficient evidence and held that the trial court should have imposed concurrent sentences since the defendant's past did not demonstrate that he was a habitual sex offender.
*811 The record indicates that the Mr. Thibodeaux was fifty-seven years of age at the time of the sentencing with no prior convictions or arrests. The Pre-Sentence Investigation Report recommended the defendant be sentenced to three years of imprisonment at hard labor. A substantial body of case law indicates the defendant, a first felony offender whose actions constituted a common scheme, should have been sentenced to concurrent rather than consecutive sentences. Although the trial court filed extensive reasons for the sentencing in this matter, we find the reasons inadequate to justify the imposition of consecutive sentences herein. Thus, we vacate the consecutive sentences imposed herein and remand for resentencing in accordance with the views herein expressed.
Further, we also note that the transfer of this case from one division of the District Court to another, in response to a motion to recuse the district attorney, filed by the district attorney, may violate due process under State v. Simpson, 551 So.2d 1303 (La.1989). We reserve to the defendant the right to address this issue on remand.

DECREE
We affirm the convictions addressed herein. We vacate the consecutive sentences imposed, however, for the reasons stated. We remand for resentencing and further proceedings consistent with this opinion.
CONVICTIONS AFFIRMED; CONSECUTIVE SENTENCES VACATED; REMANDED FOR RESENTENCING AND FURTHER PROCEEDINGS
WHIPPLE, J., dissents in part and concurs in part and assigns reasons.
WHIPPLE, J. dissenting in part and concurring in part.
I dissent from the majority's decision to vacate and remand for sentencing. However, I agree with the majority's conclusion that on remand, the defendant should be allowed to raise the issue of the propriety of the transfer of the case.