# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 06-1436

**STATE OF LOUISIANA**

**VERSUS**

**H.B.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 67,176
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Billy Howard Ezell, and James T. Genovese, Judges.

## CONVICTION AFFIRMED; SENTENCE AMENDED.

**Michael Harson**
**District Attorney, 15th Judicial District Court**
**Frederick L. Welter**
**Assistant District Attorney**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for Appellee:**
**State of Louisiana**

**Mark Owen Foster**
**Foster & Foster**
**P.O. Box 2057**
**Natchitoches, Louisiana 71457**
**(318) 572-5693**
**Counsel for Defendant/Appellant:**
**H.B.**

**EZELL, JUDGE.** [1]

On April 19, 2005, the Acadia Parish Grand Jury indicted Defendant, H.B., with one count of forcible rape, in violation of La.R.S. 14:42.1, and two counts of aggravated rape, in violation of La.R.S. 14:42, for acts occurring from 1992 through 2002. On May 8, 2006, the State amended all charges to second degree sexual battery, in violation of La.R.S. 14:43.2. In exchange, Defendant pled guilty to all three amended charges.

After conducting a sentencing hearing on August 7, 2006, the trial court sentenced Defendant to serve ten years at hard labor without benefit of probation, parole, or suspension of sentence for each offense. The trial court ordered the sentences to run consecutively. In response, Defendant filed a motion to reconsider sentence with the trial court. In his motion, Defendant argued that the sentence imposed was excessive and that the trial court failed to properly consider Defendant's age and his poor health as mitigating factors. The trial court denied Defendant's motion without hearing on September 1, 2006. Defendant now appeals, alleging that his sentences are unconstitutionally excessive.

## STATEMENT OF FACTS

The Defendant began his molestation of the first victim, A.G., when she was twelve years old, which ended when it was reported in 2002. A.G. was fourteen when the crime was reported. Beginning in 1992, S.G., was approximately three years old when she was first molested by H.B. The molestation continued until the crime was reported, at which time S.G. was twelve years old. With regard to MGB, she was first molested as early as 1996, at the age of six, and the molestation continued until the

_____

[1]In accordance with La.R.S. 46:1844(W), initials have been used for both the Defendant and the victims in order to protect the identity of the minor victims.

1

she was eleven and the crimes were reported in 2002. All of the molestation acts on A.G., S.G., and M.B.G. occurred in Acadia Parish.

The trial court failed to deny Defendant eligibility for diminution of sentence. Thus, the Defendant received an illegally lenient sentence. Louisiana Revised Statute 15:537(A) requires that diminution of sentence be denied to a person who is convicted of or pleads guilty to "any provision of Subpart C of Part II of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950," which includes second degree sexual battery, a violation of La.R.S. 14:43.2.

Recently, this court addressed this issue in *State v. S.D.G.*, 06-174, pp. 4-5 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244, 1247:

> Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to all offenders who are convicted of or plead guilty to sex offenses, including aggravated rape and aggravated incest. Here, the trial court failed to deny the defendant diminution eligibility under La.R.S. 15:537(A) for both sentences imposed. In *State v. G.M.W., Jr.*, 05-391, p. 2 (La.App. 3 Cir. 11/2/05), 916 So.2d 460, 461, the court stated:
>
>> We note that the second paragraph of La.R.S. 15:537 is clearly directed to the sentencing court, and the trial court's failure to include a denial of diminution of sentence thereunder renders Defendant's sentences illegally lenient. Pursuant to *State v. Williams*, 00-1725 (La.11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences.
>
> Here, the trial court's failure to deny diminution of sentence renders the defendant's sentences illegally lenient. Therefore, we amend the defendant's sentences to reflect that diminution eligibility is denied pursuant to La.R.S. 15:537(A). We also instruct the trial court to make a notation in the minutes reflecting the amendment.

Likewise, in the present case, this court will amend Defendant's sentences to reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537(A). As in *S.D.G.*, the trial court is instructed to note the amendment in the court minutes. *See also State v. Fontenot,* 06-226 (La.App. 3 Cir. 7/12/06), 934 So.2d

2

935 (same conclusion, but due to the fact that the case was remanded for the correction of other errors, the *trial court* was instructed to deny eligibility for diminution of sentence).

## DISCUSSION[2]

Defendant complains that "[t]he sentence imposed by the trial court was cruel, unusual and excessive, in violation of Article I, § 20 of the Louisiana Constitution of 1974." Defendant contends that the sentences should have been ordered to be served concurrently because they were based on the same act or transaction or were part of a common scheme or plan. Defendant does not contest the length of the individual sentences; instead, he argues that the trial court erred in designating the sentences to run consecutively to each other. The State responds that the trial court acted well within its sentencing discretion when it ordered the sentences to be served consecutively.

> The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. *State v. Thompson*, 2002-0333 (La.4/9/03), 842 So.2d 330; *State v. Washington*, 414 So.2d 313 (La.1982); *State v. Abercrumbia*, 412 So.2d 1027 (La.1982). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2785 (La.5/31/96), 674 So.2d 957. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Id*.

*State v. Williams*, 03-3514, p. 14 (La. 12/13/04), 893 So.2d 7, 16-17.

> A sentence which falls within the statutory limits may be excessive under certain circumstances. *State v. Brown*, 94-1290 (La. 1/17/95), 648 So.2d 872, 877. To constitute an excessive sentence, this

---

[2]Although Defendant's argument is limited to complaining that the sentences are excessive based on their consecutive nature, this court has included a general excessiveness review in the discussion. This court has done so for two reasons: (1) the wording of Defendant's assignment of error lists a broad excessiveness complaint; and (2) Defendant's brief also addresses the general excessiveness jurisprudence.

Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering. *Id*. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion. *State v. Cann*, 471 So.2d 701, 703 (La.1985).

*State v. Guzman*, 99-1528, 99-1753, p. 15 (La. 5/16/00), 769 So.2d 1158, 1167.

At the sentencing hearing, M.B.G., who was one of Defendant's victims, testified that Defendant's actions took her life away and caused her to no longer be able to trust anyone. M.B.G. further stated that Defendant acted as her stepfather and was in charge of her and supervising her when he committed the crimes. M.B.G. felt that two years of counseling had helped her, but she would never be able to forget what had happened to her.

Another of Defendant's victims, S.G., testified that Defendant's acts toward her had negatively impacted her. She is now so shy that she cannot be around other people. S.G. also stated that Defendant, who was like her stepfather even though he had not been married to her mother, had been acting in a supervisory capacity over her when he committed the offense against her. S.G. averred that, although she has also undergone two years of counseling, it has only helped a little.

The oldest victim, A.L.G., explained that Defendant stayed with her and her sisters in the afternoons while their mother worked. A.L.G. testified that she, also, has had two years of counseling and that, although the counseling has helped, she still occasionally needs to go back for additional sessions. A.L.G. averred that Defendant's actions have made it difficult for her to trust people. It has affected her relationships with other people such as her mother and her boyfriend.

After the victims gave their impact statements, the defense attorney summarized Defendant's various medical conditions for the court: neck and lower

4

back problems from a car accident in 2005, diabetes requiring insulin injections, a failing thyroid, high blood pressure, and sinus problems. Also in mitigation, the defense asked the trial court to consider that he had worked his entire life; that he had raised two sons, a daughter, and a foster child from his first marriage; that he is a musician; that he serves as a youth minister in his church; and that he has a lot of support in his community.

Defendant then took the opportunity to testify on his own behalf. Defendant apologized to his victims and asked for their forgiveness. Defendant averred that he loved them with all of his heart and never wanted to hurt them. Defendant then stated that he wanted to take full responsibility for the crimes to which he pled guilty.

After reading the pre-sentence investigation report and the letters submitted by both sides, and after listening to the statements made at the hearing, the trial court indicated that it was ready to sentence Defendant. The trial court stated that it had reached its determination by examining the severity of the crimes, the number of the crimes, the impact to the victims and their future lives, and the trial court's biggest worry – its concern for public safety.

The sentencing court held that it felt compelled by overwhelming concern to perform its duty to protect society from Defendant. The trial court found that, if left unchecked, this type of crime continues and worsens. The trial court feared that, if Defendant would do this to children entrusted to his care, then Defendant might be able to do something much worse to children he did not know. The sentencing court then acknowledged that Defendant had no prior criminal record and stated that it appreciated Defendant's apology. However, Defendant must suffer the consequences of his actions. The trial court found that Defendant's acting as a productive member of society did not make up for the things he did to his victims. The trial court then

5

sentenced Defendant to serve ten years at hard labor without benefit of probation, parole, or suspension of sentence for each offense, and ordered the sentences to run consecutively.

At the time of Defendant's offenses, second degree sexual battery was aggravated sexual battery.

> A. Aggravated sexual battery is the intentional engaging in any of the following acts with another person when the offender intentionally inflicts serious bodily injury on the victim:
>
> (1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
>
> (2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
>
> B. For the purposes of this Section, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or substantial risk of death.
>
> C. Whoever commits the crime of aggravated sexual battery shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than fifteen years.

La.R.S. 14:43.2; 1995 La.Acts No. 946, § 2. Therefore, Defendant's ten-year sentences are well within the parameters set by the statute.[3]

Defendant contends that this court should find that the offenses were of the same act or transaction or were part of a common scheme or plan because all of the offenses were charged in the same indictment. Under La.Code Crim.P. art. 883, the

_____

[3]If Defendant had committed the offenses under the current version of the statute, the sentencing range would have started with a minimum of twenty-five years at hard labor and ended with a maximum of life imprisonment since all of the victims were under the age of thirteen at the time Defendant committed the offenses. La.R.S. 14:43.2; 2006 La.Acts No. 103, § 1.

6

trial court may, at its discretion, designate sentences to run concurrently or consecutively:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

"Consecutive sentences for convictions stemming from a common scheme or plan require particular justification." *State v. Thibodeaux*, 04-1166, p. 5 (La.App. 1 Cir. 4/20/05), 915 So.2d 807, 810,

Review of the jurisprudence shows that different victims, places, or dates mean different transactions and different schemes or plans. In *State v. Dagenhart*, 39,874, (La.App. 2 Cir. 8/17/05), 908 So.2d 1237, *writ denied*, 05-2421 (La. 4/24/06), 926 So.2d 539, the defendant pled guilty to four counts of molestation of a juvenile; and in exchange, the State dropped six other counts of the same crime. The trial court ordered three of Dagenhart's sentences to run concurrently, but it designated that one sentence was to run consecutively. Each count had a different victim. The three victims for offenses having the concurrent sentences had been molested at Dagenhart's home, and the victim for the offense bearing the consecutive sentence had been molested at her home. The trial court held that Dagenhart should receive a consecutive sentence for victimizing the child molested at her home because the different location indicated a different scheme or plan.

Dagenhart argued that all four offenses were part of a common scheme or plan, so all of the sentences should have been concurrent. The second circuit held:

> These acts occurred over a five-year period and involved different children and a tailored methodology. Defendant is a ***serial*** sexual

7

predator. If defendant's argument is carried to its logical conclusion, then no matter how long a period of time the offenses spanned or how many children were involved, such pedophiles would always receive concurrent sentences. The same would be true of a serial murderer or rapist. [Louisiana Code of Criminal Procedure Article] 883 is inapplicable to such situations. Even if considered, article 883 allows a trial court the discretion to impose consecutive penalties in cases in which the offender's past criminality or other circumstances in his background justify treating him as a grave risk to the safety of the community.

*Id.* at 1240-41. The second circuit observed that the trial court had reviewed the facts of the case, Dagenhart's background, as well as the aggravating and mitigating factors. The trial court found the offenses to be serious and intentionally planned with total disregard for the harm to the victims. Moreover, the trial court had determined that Dagenhart posed an unacceptable risk of harm to the others because of a high risk of recidivism.

The second circuit further found that Dagenhart had received a great benefit when the State dropped six counts and did not charge him with various other crimes connected to the molestation. Based thereon, the second circuit found no abuse of discretion in the consecutive sentence and held that the trial court could have acceptably ordered all of the sentences to run consecutively.

In *State v. Hymes*, 04-320, (La.App. 5 Cir. 10/12/04), 886 So.2d 1157, *writ denied,* 04-3102 (La. 4/1/05), 897 So.2d 599, the defendant was convicted of two counts of attempted first degree robbery and seven counts of first degree robbery for offenses with different victims all occurring within a two-week period at different locations. The trial court ordered all of Hymes sentences to run consecutively. The fifth circuit held that, although the offenses were similar in nature, they were not part of the same act, transaction, scheme, or plan under La.Code Crim.P. art. 883 because the bill of information indicated different dates and locations for the offenses. The

8

fifth circuit determined that the consecutive sentences were justified due to the separate and distinct nature of the acts and the seriousness of the offenses.

In *State v. Porter*, 29,638 (La.App. 2 Cir. 9/24/97), 700 So.2d 1058, *writ denied*, 97-2674 (La. 2/13/98), 706 So.2d 993, the defendant pled guilty to eight counts of indecent behavior with juveniles for offenses committed against different victims in several different ways on different dates at a few different locations. Defendant had originally been charged with thirty counts of indecent behavior with juveniles, three counts of sexual battery, and two counts of oral sexual battery. The district court grouped the offenses and ordered some to be served consecutively and some to be served concurrently; altogether, the trial court required Porter to serve an aggregate of fifteen years imprisonment and four years of probation. In discussing Porter's complaints about having to consecutively serve some of the sentences, the second circuit stated, "Where the convictions stem from separate incidents involving different victims and occur over a lengthy period of time, the resulting consecutive penalties will generally not be found to be an abuse of that discretion." *Id*. at 1062. The second circuit affirmed Porter's sentence.

In *State v. Boros*, 94-453, 94-454, (La.App. 5 Cir. 11/29/94), 646 So.2d 1183, *writ denied*, 94-3148 (La. 5/12/95), 654 So.2d 347, the Jefferson Parish District Attorney originally charged the defendant with one count of forcible rape on one bill of information and, on another, one count of indecent behavior with juveniles and two counts of molestation of a juvenile. Boros entered into a plea agreement wherein the State reduced the forcible rape charge in the first indictment to molestation of a juvenile and dismissed the indecent behavior with juveniles as well as one of the molestation charges on the other indictment. Boros then pled guilty to the remaining charges.

9

The trial court sentenced Boros to serve seven years at hard labor on each charge and ordered the sentences to run consecutively. Boros appealed, arguing that his sentences were excessive because they were consecutive. The fifth circuit disagreed. It found that consecutive sentences were indicated under La.Code Crim.P. art. 883 as the bill of information indicated that Boros committed the offenses on different dates, different locations, and had two different victims.

Defendant contends that this court should find that the offenses were of the same act or transaction or were part of a common scheme or plan because all of the offenses were charged in the same indictment. However, Defendant's contention has no merit, as La.Code Crim.P. arts. 493 and 493.2 provide that offenses may also be joined in a charging instrument if they are of the same or similar character.

There is nothing in the record regarding the locations where Defendant committed the offenses, but the bill of indictment and the sentencing transcript show that each of the three charged offenses all had separate victims and that the abuse forming the basis of the charge happened on at least three different dates and time periods. The sentencing transcript shows that Defendant used his authority over his girlfriend's children to commit sexual offenses upon her three daughters. Two of the victims were under the age of twelve at the time of the offenses, and the remaining child was twelve when her abuse began. According to the indictment, Defendant victimized one child from 1992 through 2002, her younger sister from 1996 through 2002, and her older sister from 2000 through 2002. Based thereon, Defendant committed sexual offenses against the middle child for four years when he was not sexually battering the youngest and for eight years when he was not sexually battering the eldest; Defendant victimized the youngest child for four years during which he was not committing sexual offenses against the oldest sister. Thus, offenses occurred

10

on at least three different dates from 1992 until 2002: (1) when the middle child was abused alone; (2) when the youngest child was either abused alone or in conjunction with the middle child; and (3) when the oldest child was abused alone or in conjunction with one or both of her younger siblings.

Therefore, because Defendant committed the offenses against different victims on different dates, this court finds that, even though the offenses were joined in the same bill of indictment, they did not constitute the same act or transaction and were not part of a common scheme or plan. Furthermore, prior to trial, Defendant moved to sever the originally-charged offenses from each other because they were not part of the same act, transaction, scheme, or plan and because the joinder was highly prejudicial. Defense counsel argued that the offenses were improperly joined as crimes of a similar character because there was a strong possibility of prejudice to Defendant. At the April 5, 2006 hearing on the issue, the State responded that the charges were all of the same or similar character and, therefore, could be charged together. The trial court denied Defendant's motion to sever on the basis that the crimes were similar in nature, and Defendant would not be unfairly prejudiced by the joinder. Defendant did not seek review of the district court's ruling. Thus, the district court actually sentenced Defendant in accordance with La.Code Crim.P. art. 883, and it did not abuse its discretion in failing to invoke the incorporated exception to the consecutive sentences rule.

Moreover, because Defendant was originally facing two counts of aggravated rape and one count of forcible rape, Defendant received a substantial sentencing benefit. The fifteen-year maximum sentence for aggravated sexual battery is immensely more lenient than the minimum sentence for an aggravated rape conviction; i.e. life imprisonment. La.R.S. 14:42 and 14:43.2. The fifteen-year

11

maximum sentence for aggravated sexual battery is also a drastically smaller maximum sentence than the forty years Defendant would have faced if convicted of forcible rape. La.R.S. 14:42.1 and 14:43.2. Additionally, by pleading guilty to second degree sexual battery, Defendant admitted that he acted with the specific intent to inflict serious bodily injury on each of his victims, thereby belying Defendant's assurance at sentencing that he had no intent to hurt the girls. Accordingly, Defendant's assignment of error is without merit.

## CONCLUSION

This court amends Defendant's sentences to reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537 and instructs the trial court to note the amendment in the court minutes. In all other respects, Defendant's sentence is affirmed.

**CONVICTION AFFIRMED; SENTENCE AMENDED.**

12