# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1167

**STATE OF LOUISIANA**

**VERSUS**

**JEFFREY BILLY SEPULVADO**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 68256
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JIMMIE C. PETERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Don Burkett**
**District Attorney**
**Anna Louise Garcie**
**Assistant District Attorney**
**Eleventh Judicial District**
**P. O. Box 1557**
**Many, LA 71449**
**(318) 256-6246**
**COUNSEL FOR APPELLEE:**
 **State of Louisiana**

**William D. Dyess**
**The Dyess Law Firm**
**870 West Main Street**
**Many, LA 71449**
**(318) 256-5667**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Jeffrey Billy Sepulvado, Jr.**

**Thomas Taylor Townsend**
**Kelly & Townsend, LLC**
**137 Rue St. Denis**
**Natchitoches, LA 71457**
**(318) 352-2353**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Jeffrey Billy Sepulvado, Jr.**

**PETERS, J.**

The defendant, Jeffrey Billy Sepulvado, Jr., entered pleas of guilty to two counts of forcible rape, violations of La.R.S. 14:42.1, and the trial court sentenced him to serve twenty years at hard labor on each count, with the sentences to run consecutively, and to be served without benefit of parole. He has appealed the sentences imposed, and for the following reasons, we affirm the defendant's sentences in all respects.

## DISCUSSION OF THE RECORD

On September 20, 2010, a Sabine Parish Grand Jury indicted the defendant for two counts of aggravated rape, violations of La.R.S. 14:42. Pursuant to a plea agreement, the defendant entered guilty pleas to the reduced charge of forcible rape on each charge on August 16, 2012. The State of Louisiana (state) provided the trial court with the following factual basis at the hearing wherein the defendant entered his guilty pleas:

> [K.S.] age nine indicated that both she and her younger sister had been sexually molested by their father for two to five years. [K.S.] the nine year old stated that their father made her perform oral sex on him many times. One encounter of intercourse occurred between [K.S.] and her father where he placed his penis inside her vagina. [S.S.] the then seven year old stated that her father made her perform oral sex on him. She also stated that Sepulvado made her and her older sister watch each other as they performed oral sex on him.
>
> . . . .
>
> [Mr. Sepulvado] admitted to performing oral--having [K.S.] the nine year old perform oral sex on him two times. He also admitted to placing his penis inside her vagina one time. He also admitted to making [S.S.] the seven year old perform oral sex on him one time.

The plea agreement did not include a sentencing recommendation or sentencing cap. After accepting the defendant's pleas, the trial court ordered the preparation of a Presentence Investigation Report (PSI) and set sentencing for

November 15, 2012. The defendant initially responded to the two sentences imposed by the trial court by filing a motion to reconsider both. In his motion to the trial court, the defendant asserted that the sentences should have run concurrently instead of consecutively and further requested that the trial court remove the requirement that they be served without the benefit of probation, parole, or suspension. The trial court took the motion under advisement following the July 31, 2013 hearing and on August 15, 2013, issued a ruling denying the motion.

Thereafter, the defendant timely perfected this appeal, asserting in his one assignment of error that the trial court's twenty-year consecutive sentences, when applied to him, "constituted cruel and unusual punishment in contravention to Article 1, § 20 of the Louisiana Constitution."

**OPINION**

In sentencing the defendant, the trial court stated that it had read the content of the PSI and considered the statement of the grandmother of the two minors, the defendant's criminal history, and "the sentencing guidelines regarding aggravating and mitigating circumstances." While noting that the defendant was a first felony offender, the trial court concluded that "the facts are terrible" and that what the defendant did to the two victims was "atrocious."

The state initially charged the defendant with two counts of aggravated rape, as that offense is defined in La.R.S. 14:42(A)(4). Specifically, the state charged the defendant with having committed oral or vaginal sexual intercourse without the lawful consent of his victims because both were under the age of thirteen years at the time of the offenses. The penalty for aggravated rape is "life imprisonment at

2

hard labor without benefit of parole, probation, or suspension of sentence." La.R.S. 14:42(D)(1).[1]

The defendant was not convicted as charged. Instead, he entered into a plea agreement which allowed him to plead to two counts of forcible rape. His plea reduced his incarceration exposure to a range of imprisonment "at hard labor for not less than five nor more than forty years" and "[a]t least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence." La.R.S. 14:42.1(B). His sentence on each count is in the mid-range of that provided in La.R.S. 14:42.1(B).

On appeal, the defendant makes the same arguments he made to the trial court in his motion to reconsider his sentences: namely, that the sentences should have been concurrent rather than consecutive because he is a first-felony offender; that the offenses arose out of a single course of conduct; that despite his young age, he has a good work and family history; that he needs to fulfill his responsibility to his family; and that he has strong family support. He points to the fact that the trial court did not set forth any reasons for imposing consecutive sentences, and he argues that the factors applicable to him slant toward concurrent sentences. However, unlike his argument at the trial court, the defendant does not argue that the sentences should be served with benefit of parole.

With regard to the question of whether a concurrent or consecutive sentence should be imposed on a defendant convicted of multiple offenses, La.Code Crim.P. art. 883 provides:

> If the defendant is convicted of two or more offenses based on
> the same act or transaction, or constituting parts of a common scheme

---

[1] Prior to the United States Supreme Court decision in *Kennedy v. Louisiana*, 554 U.S. 407, 128 S.Ct. 2641 (2008) which declared La.R.S. 14:42.1(D)(2) unconstitutional, the defendant could have faced the death penalty for rape of a victim under the age of thirteen.

3

or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

While the defendant's convictions arise from the same course of conduct, *i.e.* the rape of small defenseless children, we find no merit in his argument that his convictions are based on the same act or transaction or constitute parts of a common scheme or plan. *See State v. Massey*, 08-839 (La.App. 3 Cir. 12/10/08), 999 So.2d 343; *State v. H.B.*, 06-1436 (La.App. 3 Cir. 4/4/07), 955 So.2d 255; *State v. Davis*, 06-922 (La.App. 3 Cir. 12/29/06), 947 So.2d 201; and *State v. Boros*, 94-453, 94-454 (La.App. 5 Cir. 11/29/94), 646 So.2d 1183, *writ denied*, 94-3148 (La. 5/12/95), 654 So.2d 347. All of these cases involved consecutive sentences for defendants convicted of multiple offenses who questioned the consecutive sentences on appeal. The consistent thread in these cases is best stated in *H.B.*, 955 So.2d at 260, wherein the court stated that "[r]eview of the jurisprudence shows that different victims, places, or dates mean different transactions and different schemes or plans."

In the matter now before us, although all of the defendant's offensive conduct took place at the same location, it involved two separate victims, performing separate sexual acts, and at different points in time. Following the jurisprudence cited herein, we do not find that the offenses are based on the same act or transaction or constitute part of a common scheme or plan. Thus, because La.Code Crim.P. art. 883 requires that the defendant's sentences should be served consecutively absent a direct order by the trial court otherwise, it was not

4

necessary for the trial court to issue reasons for sentencing him to consecutive sentences.

The only inquiry remaining is whether the sentences imposed are unconstitutionally excessive.

The applicable standard of review for claims of excessiveness in imposition of sentence is found in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59 (alteration in original), wherein this court stated:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> The fifth circuit, in [*State v.*] *Lisotta*, [98-648 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:
>
> 1.  The nature of the crime,
>
> 2.  The nature and background of the offender, and
>
> 3.  The sentence imposed for similar crimes by the same court and other courts.

Applying the *Lisotta* factors to the matter before us, we first note that the offenses committed by the defendant constitute crimes of the worst nature. He is

5

the father of the two victims who were ages seven and nine years at the time of the offenses. He forced the victims to perform oral sex on him, and vaginally raped his nine-year-old daughter. To make horrific matters worse, he forced his daughters to watch as each performed oral sex on him.

With regard to the background of the defendant, the record establishes that he was twenty-nine years old when he entered his guilty pleas, and he was a first-time felony offender. However, it is difficult to find anything good about the defendant's nature given the nature of his crime.

Our view of the jurisprudence suggests that the sentences imposed on the defendant are supported by sentences imposed for similar offenses. *See State v. Vallery*, 04-1589 (La.App. 3 Cir. 4/6/05), 899 So.2d 836 (the first-felony-offender defendant pled to a lesser charge of forcible rape, and he received a sentence of thirty-five years at hard labor without benefit of probation, parole, or suspension of sentence for the rape of his eleven-year-old stepdaughter at knife point); and *State v. Wilson*, 42,075 (La.App. 2 Cir. 5/9/07), 957 So.2d 345 (the first-felony offender defendant pled guilty to two counts of forcible rape of his stepdaughter as part of a plea bargain to seven other counts, and received a sentence of twenty years on each count with fifteen years of the second count to run consecutively with the first).

Applying the *Lisotta* factors to the defendant's offenses, we find no abuse of the trial court's discretion in sentencing him to two consecutive twenty-year sentences. This was a mid-range sentence and, by entering into the plea agreement with the state, the defendant greatly diminished his sentencing exposure. For example, in *State v. R.K.*, 10-982 (La.App. 3 Cir. 5/11/11), 64 So.3d 426, which is similar to the facts in this case, the defendant forced two minor children, ages eight years old and nine years old, to perform oral sex upon him. One of victims was his

6

stepdaughter.  The defendant was sentenced to serve life imprisonment for each conviction, each term to be served consecutively.[2]

## DISPOSITION

For the foregoing reasons, we affirm the defendant's sentences in all respects.

**AFFIRMED.**

---

[2] The defendant did not challenge his sentence on appeal.