NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-765

STATE OF LOUISIANA

VERSUS

ERNEST CARTER, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 141636
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

DAVID E. CHATELAIN\*
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and David E. Chatelain, Judges.

AFFIRMED WITH INSTRUCTIONS.

---

\*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Ernest Carter, Jr.**

**Keith Stutes**
**District Attorney**
**Ronald E. Dauterive**
**Assistant District Attorney**
**Fifteenth Judicial District**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**CHATELAIN, Judge.**

In this criminal case, Ernest Carter, Jr., (hereafter the defendant) appeals his sentence as constitutionally excessive. For the following reasons, we affirm the defendant's conviction and sentence.

## PROCEDURAL HISTORY

On May 1, 2013, a Lafayette Parish grand jury indicted the defendant with the aggravated rape of B.P.,[1] a violation of La.R.S. 14:42.[2] The defendant entered a written plea of not guilty on May 10, 2013. On April 2, 2014, a jury found the defendant guilty of attempted aggravated rape, one of the responsive verdicts. The trial court then sentenced the defendant to twenty-five years at hard labor. Appealing his conviction, the defendant alleged that the evidence was insufficient to find him guilty of attempted aggravated rape and that his sentence was excessive.

This court, in *State v. Carter*, 14-926 (La.App. 3 Cir. 4/1/15), 160 So.3d 647, *writ denied*, 15-859 (La. 6/17/16), 192 So.3d 770, held that the evidence was insufficient to support the defendant's conviction for attempted aggravated rape but was sufficient to support a conviction for forcible rape, a violation of La.R.S. 14:42.1. This court "modified the verdict, entered a judgment of conviction for forcible rape, and remanded for resentencing[.]" *Id.* at 657.

The defendant filed a motion for reconsideration of sentence on August 1, 2016, and was resentenced to the maximum sentence of twenty-years imprisonment at hard labor on August 11, 2016. The defendant did not file another

_____

[1] In accordance with La.R.S. 46:1844(W), the victim's initials are used to protect her identity.

[2] The indictment also included a charge of aggravated incest of K.C., a different victim. Prior to trial, the State severed the charge of aggravated incest of K.C. and proceeded to try the defendant only as to the aggravated raped of B.P.

motion for reconsideration of sentence nor did he orally request it at the re-sentencing hearing. The defendant appeals his sentence, asserting it is excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is an error patent.

At resentencing, the trial court stated:

> I also need to advise you, you have two years from the time your conviction and sentence become final to file for post-conviction relief.

> You've already taken an appeal in this matter, and so your conviction is final, and you do have two years from today to file for additional post-conviction relief.

According to La.Code Crim.P. art. 930.8, "[n]o application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922," unless it meets any of the exceptions listed in the article. Louisiana Code of Criminal Procedure Article 914 provides that a "motion for an appeal may be made orally in open court or by filing a written motion" and the motion must be made within thirty days of "the rendition of the judgment or ruling from which the appeal is taken[]" or "from the ruling on a motion to reconsider sentence[.]" Louisiana Code of Criminal Procedure Article 922(A) allows for fourteen days from the rendition of judgment by the supreme court or a court of appeal for a party to apply for rehearing. Moreover, "[a] judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made." La.Code Crim.P. art. 922(B).

The supreme court, in *State ex rel. Frazier v. State*, 03-242, p. 1 (La. 2/6/04), 868 So.2d 9, 9 (alteration in original), held:

> Though "[r]esentencing alone does not restart" the prescriptive period for filing for post-conviction relief once a conviction and sentence have both become final, *State ex rel. Rushing v. Whitley*, 93-2722 (La.11/13/95), 662 So.2d 464, the prescriptive period does not initially begin to run until "the judgment of conviction and sentence shall have become final under the provisions of Article 914 or 922 . . ." La.C.Cr.P. art. 930.8(A); *State ex rel. Wilson v. State*, 01-1464 (La.3/15/02), 812 So.2d 622.

In the present case, the defendant's sentence is not yet final. Therefore, the trial court erred when it informed the defendant that his two years to file for post-conviction relief under La.Code Crim.P. art. 930.8 began to run at resentencing.

Accordingly, we direct the trial court to provide the defendant with appropriate written notice advising him of the provisions of La.Code Crim.P. art. 930.8 within ten days of the rendition of this opinion and to file written proof in the record that the defendant received the notice. *See State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## EXCESSIVE SENTENCE

In his sole assignment of error, the defendant asserts that the trial court imposed an excessive sentence. From the outset we note the defendant did not file a motion to reconsider sentence for his forcible rape conviction. Therefore, under La.Code Crim.P. art. 881.1(E), the defendant's claim is barred. However, in the interest of justice, we will review the defendant's assertion as a bare claim of excessiveness. *State v. H.J.L.*, 08-823 (La.App. 3 Cir. 12/10/08), 999 So.2d 338, *writ denied sub nom. State ex rel. Lantz v. State*, 09-606 (La. 12/18/09), 23 So.3d 936.

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (alteration

3

in original), this court set forth the following standard for reviewing excessive

sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789,

*writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, this court held:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

When reviewing a trial court's sentencing decision for abuse of discretion,

this court, in *State v. Morain*, 08-1546, pp. 3-4 (La.App. 3 Cir. 6/3/09), 11 So.3d

733, 736, *writ denied sub nom. State ex rel. Morain v. State*, 09-1670 (La.

4/30/10), 34 So.3d 282, held:

> In *State v. Whatley*, 06-316 (La.App. 3 Cir. 11/2/06), 943 So.2d 601, *writ denied*, 06-2826 (La.8/31/07), 962 So.2d 424, we discussed the factors that a reviewing court should consider in determining if a

trial court abused its discretion in imposing a sentence. In *Whatley*, citing *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-0433 (La.6/25/99), 745 So.2d 1183, we annunciated three factors that a reviewing court should take into consideration in abuse of discretion cases: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts.

After carefully considering the evidence in the present case, this court reduced the defendant's conviction to the forcible rape of B.P., his niece. *State v. Carter*, 160 So.3d 647. At the time of B.P.'s forcible rape, the defendant's niece was between the ages of twelve and fourteen, and the defendant was between the ages of thirty-one and thirty-three. During this time, the defendant was also a deacon in a church. At the time the defendant committed this forcible rape, La.R.S. 14:42.1 provided for a sentence of one to twenty years.[3]

The defendant makes a three-part argument in support of his contention that his twenty-year sentence is excessive: (1) he was seventy-two years of age at sentencing; (2) he suffers from various health problems making it more costly to incarcerate him than the average prisoner; and (3) he is a first felony offender. For the following reasons, we find no merit to the defendant's contentions.

The trial court indicated that prior to sentencing it presided at the defendant's trial and carefully read the presentence report. The trial court further stated that "the offense caused a serious emotional trauma to the victim, who was young. And you knew the victim was vulnerable due to her youth. And . . . you used your position of status as her uncle to facilitate the commission of the offense."

In *State v. Jackson*, 597 So.2d 1188 (La.App. 5 Cir. 1992), the fifth circuit held that a sentence of forty-years imprisonment, the current maximum sentence,

---

[3] On July 21, 1977, one month after the defendant committed the offense in this case, the Louisiana legislature enacted 1977 La. Acts No. 90, § 1, effective September 8, 1977, which increased the penalty range for the offense of forcible rape to not less than two years nor more than forty years.

imposed upon a defendant convicted of forcible rape of a fourteen-year-old victim, was not excessive, even though the defendant was a first felony offender.

Likewise, in a third circuit case, *State v. Sepulvado*, 13-1167 (La.App. 3 Cir. 3/5/14), 134 So.3d 110, *writ denied*, 14-719 (La. 10/3/14), 152 So.3d 142, the defendant was a first felony offender when a jury convicted him of forcible rape. This court looked at similarly situated defendants to determine whether Sepulvado's sentence was excessive. At that time we stated:

> Our view of the jurisprudence suggests that the sentences imposed on the defendant are supported by sentences imposed for similar offenses. *See State v. Vallery*, 04-1589 (La.App. 3 Cir. 4/6/05), 899 So.2d 836 (the first-felony-offender defendant pled to a lesser charge of forcible rape, and he received a sentence of thirty-five years at hard labor without benefit of probation, parole, or suspension of sentence for the rape of his eleven-year-old stepdaughter at knife point); and *State v. Wilson*, 42,075 (La.App. 2 Cir. 5/9/07), 957 So.2d 345 (the first-felony offender defendant pled guilty to two counts of forcible rape of his stepdaughter as part of a plea bargain to seven other counts, and received a sentence of twenty years on each count with fifteen years of the second count to run consecutively with the first).
>
> . . . .
>
> [W]e find no abuse of the trial court's discretion in sentencing him to two consecutive twenty-year sentences. This was a mid-range sentence and, by entering into the plea agreement with the state, the defendant greatly diminished his sentencing exposure. For example, in *State v. R.K.*, 10-982 (La.App. 3 Cir. 5/11/11), 64 So.3d 426, which is similar to the facts in this case, the defendant forced two minor children, ages eight years old and nine years old, to perform oral sex upon him. One of victims was his stepdaughter. The defendant was sentenced to serve life imprisonment for each conviction, each term to be served consecutively.

*Id.* at 113-14.

Considering the nature of the crime, the defendant's background, and after reviewing the defendant's sentence in light of sentences imposed for similar crimes, the critical elements in the assessment of an excessive sentence first enunciated in *State v. Telsee*, 425 So.2d 1251 (La.1983), we cannot say that the

twenty-year term imposed on this defendant shocks this court's sense of justice or makes no meaningful contribution to acceptable penal goals. Therefore, we find that the trial court did not abuse its vast discretion when it sentenced the defendant to twenty-years imprisonment for the offense of forcible rape.

## DECREE

We affirm the defendant's conviction and sentence, and direct the trial court to correctly inform the defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of the opinion and to file written proof in the record that the defendant received the notice.

**AFFIRMED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal, Rule 2-16.3.