647 So.2d 568 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Louis HENNEY, Defendant-Appellant.
No. CR94-615.
Court of Appeal of Louisiana, Third Circuit.
December 7, 1994.
Glennon P. Everett, Asst. Dist. Atty., Glenn Barney Foreman, Crowley, for State of La.
Jeffery L. Brunson, Crowley, for Louis Henney.
Before KNOLL, WOODARD and BERTRAND,[*] JJ.
WOODARD, Judge.
This appeal concerns the sentence imposed for indecent behavior with a juvenile.

FACTS
Defendant, Louis Henney, pled guilty to one charge of indecent behavior with a juvenile in violation of La.R.S. § 14.81 and was sentenced to 4½ years imprisonment at hard labor. He appealed, arguing that his sentence was excessive, and this court vacated his sentence. We held that the sole aggravating factor in Mr. Henney's background relied upon by the trial court, his admission of similar conduct that allegedly occurred more than 20 years ago, was insufficient justification for a sentence that was nearly double the maximum sentence recommended under the Sentencing Guidelines. We then remanded the case to the trial court for resentencing. We also ordered the court to amend the commitment and minute entry of *569 the sentence to reflect that Mr. Henney is given credit for time served.
The trial court amended Mr. Henney's original sentence to reflect his time served, but stated that "in all other aspects the sentence of Mr. Henney remains the same." Once again, Mr. Henney appealed, assigning as error (1) the excessiveness of the sentence and (2) the trial court's amendment of a vacated sentence.

LAW
A sentence no longer exists after it is vacated, and therefore a convict whose sentence is vacated must be resentenced before any punishment may be imposed. Mr. Henney argues that the trial court erred in amending his previous sentence instead of holding a new sentencing hearing, because the previous sentence has been vacated and is therefore insusceptible of amendment. We agree, and hold that the trial court's bare statement in an "Amendment of Sentence" that a vacated sentence "remains the same" except for an amendment is inadequate to impose a new sentence.
Even if the "Amendment" were sufficient to constitute a new sentence, that sentence would be invalid because it has not been justified by reasons. Following, as it does, a decision invalidating the reasoning supporting the original decision of which the "Amendment" is an exact duplicate, it was clearly incumbent upon the trial court to support a new sentence with reasons and to consider the Sentencing Guidelines explicitly and unambiguously. See La.C.Cr.P. art. 894.1. A sentencing judge must always consider the Guidelines and state for the record the considerations he has taken into account and the factual basis for the sentence he has imposed. State v. Smith, 639 So.2d 237 (La. 1994). Further, the trial court entirely ignored our order to reconsider Mr. Henney's sentence in light of our holding in the previous appeal. Consequently, we must again remand this case to the trial court for resentencing, pursuant to which the trial court should carefully and explicitly discuss the factors upon which it bases the sentence imposed.
We note further that the defendant is entitled to be present at his sentencing. La. C.Cr.P. art. 835; State v. McIntyre, 567 So.2d 800 (La.App. 3 Cir.1990). We therefore direct the trial court to procure Mr. Henney's presence at his resentencing.

CONCLUSION
For the foregoing reasons, we reverse the sentence imposed by the trial court and remand for resentencing.
REVERSED AND REMANDED FOR RESENTENCING.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.