# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1123

STATE OF LOUISIANA

VERSUS

E.P.C., JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 6939-04
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**

**John F. DeRosier**
**District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**Post Office Box 3206**
**Lake Charles, LA   70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, LA   70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **E.P.C., JR.**

AMY, Judge.

## Factual and Procedural Background

Pursuant to a plea agreement, the defendant, E.P.C., Jr.,[1] pled guilty to sexual battery, in violation of La.R.S. 14:43.1, and molestation of a juvenile, in violation of La.R.S. 14:81.2. For the sexual battery charge, the defendant was sentenced to five years at hard labor without the benefit of parole, probation, or suspension of sentence. On the molestation of a juvenile charge, the defendant received a ten-year sentence with five years suspended. The defendant's sentences were ordered to run consecutively. Upon his release from incarceration, the defendant will be placed on supervised probation, with numerous conditions, for a period of five years.

The defendant appealed, arguing that the consecutive sentences should have been imposed concurrently and that his sentences were excessive. In *State v. E.P.C., Jr.*, an unpublished opinion bearing docket number 05-1542 (La.App. 3 Cir. 5/3/06), this court vacated the defendant's sentences and remanded the matter to the trial court for further proceedings. The defendant was resentenced on June 14, 2006. Subsequently, he filed a motion to reconsider sentence, which the trial court denied. The defendant instituted the instant appeal, arguing that the trial court failed to impose sentences at the resentencing hearing and that the sentence previously imposed for the sexual battery conviction is an illegal sentence.[2] For the following reasons, we affirm as amended and remand with instructions.

---

[1] Pursuant to La.R.S. 46:1844, the initials of the defendant have been used to protect the identity of the victims.

[2] We note that on this appeal, the defendant does not appeal the excessiveness of his sentences.

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent that will be discussed in the defendant's second assignment of error.

*Resentencing Hearing*

The defendant argues that "[a]t the resentencing hearing, the trial court did not impose new sentences. Instead, it made 'additions and/or corrections to the original sentence.'" The defendant contends that "the trial court was required to impose new sentences on each count, assuring that the errors in the imposition of the first sentences were not once again committed when the new sentences were imposed." According to the defendant, the matter should be remanded once again for sentencing.

In *E.P.C., Jr.*, 05-1542 (La.App. 3 Cir. 5/3/06), a panel of this court noted that as a condition of probation, the trial court ordered that the defendant pay restitution to the victims. However, because the trial court did not set an amount of restitution, the defendant's sentence for molestation of a juvenile was found to be illegal. Therefore, the panel vacated the sentence and remanded the case for resentencing. Additionally, the trial court was also instructed "to establish a payment schedule for the $200.00 Indigent Defender Board (IDB) reimbursement imposed as a condition of Defendant's probation for molestation of a juvenile." With regard to the consecutive nature of his sentences, the panel "reach[ed] no conclusion as to the propriety of the order that the sentences be served consecutively because the trial court did not give reasons for his decision in this regard. The failure to give reasons necessitates vacation of the sentence." In sum, the defendant's sentences were

2

vacated, and discussion on whether the sentences were excessive was pretermitted.

At the resentencing hearing held on June 14, 2006, the trial court reiterated the range of punishment pursuant to the statute for each offense. The trial court then stated:

> The Court initially would note that the matter was sent back for some technical reasons for review. Specifically, the Court had ordered that [the defendant], and initially would go back and adopt the Court's resertation [sic] of the pre-sentence investigation, which was reviewed and discussed extensively on the date of sentencing; that being August the 26th of 2005.
>
> At that time the defendant was, in fact, ordered to serve, as a result of that sentence, five years at hard labor without benefit of probation, parole, or suspension of sentence on the sexual battery count. And it was to be served consecutively with the molestation count for which he was ordered to serve ten years. Five of which were suspended with the condition that he be placed on supervised probation for a period of five years at the completion, or upon his release from incarceration from the consecutive sentences, under general conditions of Article 895, as well as a number of special and numerous conditions that were mentioned at the time of the sentencing of August 26th, 2005.
>
> The Court would, at this time, adopt those factual determinations, as well as the Article 894.1 resertations [sic], and in conjunction with the information submitted back by the Third Circuit Court of Appeal, would make the following additions and/or corrections to that original sentence.
>
> Specifically, the defendant was ordered to pay for all counseling costs that were incurred by the victims involved in this matter. The Third Circuit Court of Appeal has indicated that the amount, since it is not a finite amount, renders the sentence illegal and requires the sentence to be vacated since there is no amount set for restitution. The Court would hereby find that since no counseling matters or bills have been submitted on behalf of the victims at this point, that there is no restitution to be owed and therefore would vacate that there would be any counseling expenses owed by the defendant, even though required by the statute, since none have been incurred at this time, or at the time of sentencing originally of August 26th of 2005.
>
> Further, the Court would make a minute entry that the defendant was ordered to pay a $1,000.00 fine and court costs which was to be

3

spread out over the 60 months in equal installments of the probationary term upon his release and him being placed on the supervised probation to be collected by Probation and Parole on a payment schedule to be provided, or prepared, by the Office of Probation and Parole, but submitted to the Court in conjunction with the 60 equal installments for approval before implementation.

The Court did not break down into those same 60 amounts the amount that was owed to reimburse the Indigent Defender Board for the cost of his defense. The Court had ordered $200.00 to be paid back to the Indigent Defender Board as reimbursement for the cost of that defense as a condition of probation and at this time would add or supplement that that is also to be broken down into sixty equal installments over . . . sixty months or five years of supervised probation and will be on that same payment schedule to be prepared by Probation and Parole and reviewed by the Court before implementation, but in those equal installments.

. . . .

The final matter has to do with some substantiative issues. Specifically, referencing the Court giving consecutive sentences for -- the Court would note that the Third Circuit did not review or go into detail with regard to the excessiveness of sentences made but one statement that the Court did not give reasons for the decision in order to render consecutively these sentences.

. . . .

At this time pursuant to Articles 883 of our Code of Criminal Procedure, and in conjunction with the jurisprudential guidelines as directed by the Third Circuit Court of Appeal, *State v. Vollm*, the Court would indicate that in this situation the court found that there were a minimum of two, possibly three victims, multiple victims, who were involved in the abuse submitted or put upon them by the defendant in this situation. The Court has found that because of the two victims that a minimum of two, possibly three, lives have been ruined and the course of conduct lasted for a number of years involving these victims of which the Court found at least two, not having information as to three, but two of them were involved in two different offenses that were presented to the Court. Because of those reasons the Court feels that the consecutive sentences are appropriate and specifically articulates that as being the reasons for the sentences to be served consecutive and would maintain the existing sentence as far as the time of incarceration at this time. And, again, as specifically referenced on August 26th of 2005 as amended herein.

. . . .

4

The Court would reference that the defendant has previously been gone over and boykinized as well as all of the sexual offender and has been notified as to post-conviction relief standards.

In *State v. Henney*, 94-615 (La.App. 3 Cir. 12/7/94), 647 So.2d 568, the defendant appealed his sentence on the ground of excessiveness. This court vacated the sentence, remanded the case to the trial court for resentencing, and ordered the trial court to amend the minute entry of the sentence to reflect that the defendant was given credit for time served. Although the trial court amended the defendant's original sentence to reflect his time served, it stated that "'in all other aspects the sentence of Mr. Henney remains the same.'" *Id*. at 569.

The court noted that "[a] sentence no longer exists after it is vacated, and therefore a convict whose sentence is vacated must be resentenced before any punishment may be imposed." *Id*. The court held that "the trial court's bare statement in an 'Amendment of Sentence' that a vacated sentence 'remains the same' except for an amendment is inadequate to impose a new sentence." *Id.*

After reviewing the record, we find that the trial court adequately resentenced the defendant. After reiterating the defendant's original sentences, the trial court stated that it "would, at this time, adopt those factual determinations[.]" Moreover, when explaining its reasons for imposing consecutive as opposed to concurrent sentences, the trial court stated that it "would maintain the existing sentence as far as the time of incarceration at this time. And, again, as specifically referenced on August 26th of 2005 as amended herein." We find that this language indicates the trial court's intent to impose the same periods of incarceration as it imposed at the original sentencing hearing.

In *Henney*, 647 So.2d at 569, this court stated that when resentencing the defendant, it is "clearly incumbent upon the trial court to support a new sentence with reasons and to consider the Sentencing Guidelines explicitly and unambiguously. See La.C.Cr.P. art. 894.1." Here, we note that at the defendant's resentencing hearing, the trial court adopted its previous considerations of the factors listed in La.Code Crim.P. art. 894.1. Insofar as the defendant's sentences were vacated because the trial court failed to set an amount of restitution to be paid to the victims and failed to give reasons for imposing consecutive sentences, we find no error in the trial court's adoption of its prior findings under Article 894.1.[3]

---

[3] At the original sentencing hearing, the trial court explained:

The Court is called upon, anytime sentencing is required, to review Article 894, which are the sentencing guidelines. The Court reviews Section A(1): Is there an undue risk that during the period of a suspended sentence or probation the defendant would commit another offense? As to one of the offenses, if he receives any time, it cannot be suspended, probated, or paroled. As to the other, that is a possibility; however, the Court, on reviewing the presentence report, finds that the history is such, albeit he is a first time offender, it shows that a return to these problems with young children, the Court answers that in the affirmative, based on the admissions made within the presentence report.

Further, is the defendant in need of correctional treatment or a custodial environment that can be provided most effectively by commitment to an institution?

I have never seen a presentence report that indicates greater need for assessment and counseling of an individual. The Court answers that also in the affirmative. And that can be best and most effectively handled by a commitment to an institution.

Would a lesser sentence deprecate the seriousness of the crime? The Court also finds that that answer is in the affirmative, that the offenses are such that to do other than incarcerate the defendant for some period of time would not give credence to the punitive nature of these types of offenses.

In looking at aggravating and mitigating circumstances under Section B, it is noted that the offender's conduct during the commission of the offense did manifest deliberate cruelty to the victims. Just the nature of the offenses in and of themselves are such that that would be a manifestation of cruelty.

Further, that the offender knew or should have known that the victims of the offenses were particularly vulnerable or incapable of resistance due to extreme youth.

. . . .

6

Moreover, we note that the trial court modified and amended the original sentences in accordance with our instructions in the previous appeal. Given these modifications, we find that the trial court imposed new sentences for each offense. Accordingly, this assignment is without merit.

*Sentence for Sexual Battery*

The defendant contends that the sentence originally imposed for the sexual battery conviction is illegal because it exceeded the term of imprisonment as allowed by La.R.S. 14:43.1 at the time of the offense. Thus, according to the defendant, an

---

Further, the offender used his position or status to facilitate the commission. He was in some cases a parent, guardian, or exercised some form of supervision, just based on the contact that he had with those individuals, and their ages and differences between them.

The Court also finds that the offenses have resulted in a significant permanent injury or significant losses to the victims, specifically permanent mental scars that would be caused by this type of offense.

By the defendant's own admission, there were a possible eight different victims, as indicated, infant to 16; therefore, the offenses that's before us obviously involved multiple victims, for incidents for which separate sentences have not been imposed. They only have two separate incidents presented to the Court.

. . . .

The Court found other relevant aggravating circumstances, specifically had a significant concern of the defendant's denial of damage to the victims. . . . And further blaming that the victims were the ones that actually caused him to act the way that he did.

As to mitigating circumstances, the Court would have to indicate that the defendant has no history within the legal realm, and that basically has led a law-abiding life, however, in conjunction with that, the incidences that have been addressed here today have occurred over a number of years and for a substantial period of time and never came to light until this incidence.

The Court would also -- and the defendant is particularly likely to respond affirmatively to probationary treatment. Again, that being a first offender, and an intangible, the Court would have to give the defendant the benefit. However, the Court would find that the presentence report suggests a significant opportunity or chance of re-occurrence. So, the defendant's possibility that these circumstances would re-occur, the Court would find that to be somewhat aggravating, based on the totality of the presentence report.

*ex post facto* violation occurred when he was sentenced without benefits. The defendant also argues that the imposition of "such restrictions is tantamount to a sentencing entrapment with regard to departures from sentencing guidelines."

In *State v. Everett*, 00-2988, p. 13 (La. 5/14/02), 816 So.2d 1272, 1280, the supreme court explained:

> Art. I, § 10 of the United States Constitution and La.Const. art. I, § 23 prohibit ex post facto application of the criminal law by the State. The focus of the ex post facto inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable. *State v. Williams*, 00-1725 (La.11/29/01), 800 So.2d 790; *State ex rel. Olivieri v. State*, 00-0172 (La.2/21/01), 779 So.2d 735, *cert. denied*, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001).

The bill of information indicates that the offenses occurred between January 1, 1980 and September 30, 2000. In 1980, La.R.S. 14:43.1 stated that the punishment for sexual battery was a term of imprisonment, with or without hard labor, for not more than ten years. The penalty provision of La.R.S. 14:43.1 was amended by Acts 1995, No. 946, § 2 to provide that the sentence be served without the benefit of parole, probation, or suspension of sentence. When the defendant was sentenced on August 26, 2005, the trial court sentenced him under the current provision.

According to the bill of information, the offense to which the defendant pled guilty, sexual battery, involved a victim whose birth date was March 20, 1976. With regard to the period of abuse, the State, at the resentencing hearing, stated that the defendant began abusing the victim when she was three or four years of age and that the abuse ended when she was sixteen years old. Given the State's assertion, the abuse ended in 1992, three years prior to the effective date of the amendment to La.R.S. 14:43.1 that increased the penalty to include the restriction on parole, probation, or suspension of sentence.

8

We find that the defendant should have been "sentenced according to sentencing provisions in effect at the time of the commission of the offense." *State v. Sugasti*, 01-3407, p. 4 (La. 6/21/02), 820 So.2d 518, 520. "The imposition of a harsher sentence than that prescribed at the time of the offense was committed constitutes a violation of the ex post facto clauses of both the state and federal constitutions." *State v. Moore*, 37,046, p. 3 (La.App. 2 Cir. 5/14/03), 847 So.2d 97, 99. Because the defendant's sentence for sexual battery is illegally excessive, we amend his sentence, pursuant to La.Code Crim.P. art. 882, to delete the denial of parole, probation, or suspension of sentence.

### DECREE

For the foregoing reasons, the defendant's sentences are affirmed. The defendant's sentence for sexual battery is amended to delete the denial of parole, probation, or suspension of sentence. This matter is remanded to the trial court with instructions to make a notation in the minutes reflecting the amendment.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**