574 So.2d 566 (1991)
STATE of Louisiana, Plaintiff-Appellee,
v.
Harold L. YATES, Defendant-Appellant.
No. Cr90-375.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1991.
Writ Denied April 26, 1991.
*567 Elvin C. Fontenot, Jr., Fontenot & Skidmore, Leesville, for defendant-appellant.
Lester Kees, Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
Defendant pleaded guilty to two counts of vehicular homicide, a violation of La.R.S. 14:32.1, reserving the right to appeal the denial of his motion to suppress. On the first count, defendant was sentenced to serve five years at hard labor and pay a fine of $3,000, plus court costs. On the second count he was given the same sentence. The two sentences were ordered served consecutively. The sentence on count two was suspended and defendant was placed on supervised probation for five years after release from confinement.
Prior to this appeal, defendant was before us on a pretrial writ application. At the trial court level, he had moved to suppress the results of a blood alcohol test performed by the Louisiana State Police. The trial court granted his motion to suppress. The state applied to us for a writ of certiorari. We denied the writ and so did the Supreme Court. After that ruling, the state issued a subpoena duces tecum to Baynes-Jones Community Hospital at Fort Polk seeking the production of defendant's hospital records which contained the results of a blood-alcohol test performed upon him by the hospital. Defendant then filed another motion to suppress which was denied by the trial court. That ruling is the subject of the first assignment of error on this appeal.
There are two other assignments of error. They both deal with sentencing and will be discussed together.
FACTS
On June 7, 1987, after drinking several beers in Leesville, defendant got in his vehicle and set out driving east on Highway 28 toward Alexandria. He crossed the centerline and struck a westbound pickup truck almost head-on. That vehicle was occupied by four people, all of whom were in the United States Army stationed at Fort Polk. Two died and the other two suffered injuries so severe that they were medically discharged from the Army.
Defendant was transported to Baynes-Jones Community Hospital at Fort Polk. A Louisiana State Police Sergeant met him at the hospital and took a blood sample. He later performed tests on that blood sample for the state. The results of that test were suppressed.
*568 There were two separate blood tests conducted at the hospital. In addition to the test conducted by the Louisiana State Police, blood was taken from defendant by hospital personnel, as part of the testing procedure to assist the physicians in treating defendant for his own personal injuries resulting from the collision. The exact result of that test was not put in evidence, but defendant does not dispute that it was over .10 percent grams of alcohol.
ASSIGNMENT OF ERROR NO. 1
Defendant argues that the trial court erred in overruling defendant's motion to suppress hospital records from Baynes-Jones Community Hospital, which contained evidence of defendant's blood alcohol level revealed by the separate blood test run by the hospital.
The hospital records exception to the hearsay rule is provided by La.R.S. 13:3714, which reads as follows:
§ 3714. Charts or records of hospitals; admissibility of certified copy
Whenever a certified copy of the chart or record of any hospital, signed by the administrator or the medical records librarian of the hospital in question, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court as prima facie proof of its contents, provided that the party against whom the record is sought to be used may summon and examine those making the original of said record as witnesses under cross-examination.
In the first writ application following the granting of the first motion to suppress, we denied the writ. We agreed with the trial court that the state could not avail itself of the statutory presumption of intoxication arising from the chemical analysis of his blood done by the state, because the regulations on blood analysis were insufficient to insure accuracy. We followed State v. Rowell, 517 So.2d 799 (La.1988).
The motion to suppress ruling which is before us now, however, involves the admissibility of the results of hospital administered separate tests as shown in hospital records. In State v. McElroy, 553 So.2d 456 (La.1989), at page 458, fn. 1, the Supreme Court said:
Generally, the blood alcohol test result, as part of a hospital record, is admissible absent compliance with Rowell providing that the trier of fact is not charged with the statutory presumption of intoxication.
The court in the case of State v. Berluchaux, 522 So.2d 600 (La.App. 1st Cir. 1988), held that a blood alcohol test conducted at the request of a treating physician and not at the direction of law enforcement officers was admissible under La.R.S. 13:3714, the statute dealing with the admissibility of hospital records. The opinion reasoned that the statute makes admissible a hospital record which shows the defendant's blood alcohol concentration, if the records are properly certified, but that the trial court still must determine how much weight to give to the evidence. The opinion points out that no presumption is created by the admissibility of the evidence.
We agree with the trial court in the present case that the hospital records containing the result of the blood test were admissible.
On this appeal, for the first time, the defendant attempts to invoke the physician-patient privilege. The defendant relies on State v. McElroy, supra. McElroy stated that the hospital records exception of the hearsay rule, La.R.S. 13:3714, does not override the statutory physician-patient privilege recognized in La.R.S. 15:476.
The defendant was taken to the military hospital on the grounds at Fort Polk following the accident. He was treated there. There is insufficient evidence in the record for us to precisely answer the question of whether the privilege properly applies in the circumstances of this case. We do not have to answer that question, however, because we find that the privilege was waived.
Subsection (F) of La.C.Cr.P. art. 703 reads as follows:
A ruling prior to trial on the merits, upon a motion to suppress, is binding at the trial. Failure to file a motion to suppress evidence in accordance with this
*569 Article prevents the defendant from objecting to its admissibility at the trial on the merits on a ground assertable by a motion to suppress.
Neither in his motion to suppress evidence, nor at the hearing of the motion, did Yates ever assert, claim, or even mention the physician-patient privilege as a ground for suppressing the hospital records.
Before his plea, the defendant never asserted the physician-patient privilege. The hospital records were not sought to be suppressed on that ground. During the plea, in fact, the hospital records themselves were offered in evidence as a joint exhibit by the state and the defendant while the plea of guilty was being taken. We find that the privilege was waived. This assignment of error is without merit.
ASSIGNMENTS OF ERROR NOS. 2 & 3
In assignment of error number two, defendant argues that the trial court erred in imposing the sentence because the court considered information contained in the presentence report which was not accurate and considered other factors which were prejudicial to the defendant. Defendant also argues that letters written by the relatives of the victims and letters from special interest groups such as M.A.D.D. should not have played a part in the judge's decision in sentencing defendant. Defendant states that he felt that the sentence of imprisonment was the result of sympathy and not the result of factors required by La.C.Cr.P. art. 894.1. Defendant further contends that statements indicating that defendant showed no remorse and continued to drink every day were unsubstantiated and not corroborated in the presentence investigation report. In assignment of error number three, defendant argues that the trial court erred in imposing a sentence which was excessive. We will examine these two assignments of error together since they both deal with sentencing.
At the sentencing hearing the trial court gave defendant and his counsel the opportunity to review the presentence investigation report and to present any evidence. Since defendant did not wish to review the presentence investigation report, he implicitly accepted the facts therein. Had defendant reviewed that report and found certain factual inaccuracies, defendant could have placed evidence in the record to rebut the report. Defendant has no grounds for attacking anything contained in the presentence investigation report.
Defendant's argument that this sentence is excessive is also without merit. Defendant was convicted of vehicular homicide in violation of La.R.S. 14:32.1. At the time of this conviction, vehicular homicide carried a potential sentence of $5,000 dollars and a maximum imprisonment with or without hard labor of five years. Defendant's sentences on the two counts of vehicular homicide were within the statutory guidelines.
Defendant's argument that the court should not have considered letters written by the relatives of the victims and from special interest groups such as M.A. D.D. is meritless. The record fails to indicate that the judge considered letters from M.A.D.D. However, the record does indicate that the judge read letters from the relatives of the victims. Under the applicable jurisprudence it is proper to speak with the victims and to consider the severe emotional trauma or physical injuries suffered by the victims. See State v. Telsee, 388 So.2d 747 (La.1980), and State v. Slaughter, 406 So.2d 221 (La.1981).
Finally, defendant's contention that the sentence imposed was the result of sympathy for the victims is without merit. The judge articulated sound reasons for imposing the sentence. Of importance to the judge was the fact that defendant had been convicted on two previous occasions of operating a motor vehicle while under the influence of alcohol. The court also cited defendant's failure to show any remorse and his continuing to drink on a daily basis. The foregoing reasons are valid *570 reasons under La.C.Cr.P. art. 894.1 and the applicable jurisprudence for sentencing defendant to serve jail time. See State v. Guiden, 399 So.2d 194 (La.1981), cert. denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982); State v. McClain, 415 So.2d 936 (La.1982).
This assignment of error lacks merit. Defendant's conviction and sentence are affirmed.
AFFIRMED.