875 So.2d 972 (2004)
STATE of Louisiana
v.
Michael ADAIR.
No. 04-KA-120.
Court of Appeal of Louisiana, Fifth Circuit.
May 26, 2004.
*973 Anthony G. Falterman, District Attorney, Donald D. Candell, Assistant District Attorney, Twenty-Third Judicial District, Parish of St. James, Convent, LA, for Plaintiff/Appellee.
*974 Jennifer L. Pate, Louisiana Appellate Project, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and THOMAS F. DALEY.
SOL GOTHARD, Judge.
Defendant, Michael Adair, filed this criminal appeal seeking review of his sentence. For reasons that follow, we affirm.
Adair was charged with negligent homicide in violation of La. R.S. 14:32.1(2) as a result of the death of a passenger, Pershing Dempster, III, in a vehicle Adair was driving. At the time of the accident, Adair's blood alcohol level was .19%. Adair pled guilty as charged and was sentenced to ten years at hard labor, with the first year to be served without benefit of probation, parole or suspension of sentence.
In brief to this court, Adair assigns two errors. In the first, he contends he had ineffective assistance of counsel because his trial counsel failed to file a motion to reconsider sentence. In the second he argues his sentence is excessive.
La.C.Cr.P. art. 881.1(B) provides that a motion for reconsideration of sentence "shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based." La.C.Cr.P. art. 881.1(E) provides that "failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." At the time of sentencing, the defense attorney stated that he "would like to object to the sentencing." However, he did not urge that the sentence was excessive or specify any grounds for the objection to the sentence. Nevertheless, this court has reviewed a defendant's constitutional challenge of a sentence even in the absence of a motion to reconsider sentence. State v. Pendelton, 00-1211 (La.App. 5 Cir. 3/14/01), 783 So.2d 459, 465, writ denied, 01-1242 (La.1/25/02), 807 So.2d 243. The failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, merely limits a defendant to a bare review of the sentence for constitutional excessiveness. Id. In accordance with our prior jurisprudence, the defendant's claim of constitutional excessiveness is addressed.
Because we are considering the merits of defendant's claim that his sentence is unconstitutionally excessive, we find no merit in the claim of ineffective assistance of counsel. The defendant was not prejudiced by counsel's failure to file a motion to reconsider sentence when the sentence is reviewed for constitutional excessiveness on appeal. State v. Lewis, 98-672 (La.App. 5 Cir. 3/10/99), 732 So.2d 556, 561, writ denied, 99-2818 (La.4/20/00), 760 So.2d 334.
The Eighth Amendment of the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is generally considered to be excessive if it is grossly disproportionate to the offense or imposes needless pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Pendelton, 783 So.2d at 465. The trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not *975 set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Pendelton, supra; La.C.Cr.P. art. 881.4(D).
The penalty for vehicular homicide is provided in La. R.S. 14:32.1(B) as follows:
Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than two years nor more than twenty years. At least one year of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court shall require the offender to participate in a court-approved substance abuse program or a court-approved driver improvement program, or both. All driver improvement courses required under this Section shall include instruction on railroad grade crossing safety.
Defendant received one-half of the maximum term of imprisonment. His chief complaint is that the trial judge had no basis for imposing the sentence. The trial judge's written reasons list the following in support of the imposed sentence:
1. There is an undue risk that during the period of a suspended sentence or probation the defendant would commit another crime.
2. The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.
3. A lesser sentence would deprecate the seriousness of the defendant's crime. The defendant has shown a complete disregard for a human life. The defendant denied driving the vehicle and delayed giving information about the location of the victim to emergency rescue personnel. A human life was loss [sic] because of the actions of the defendant.
The Louisiana Supreme Court has stated that the question presented when reviewing a defendant's sentence is not "whether another sentence would have been more appropriate but whether the trial court abused its broad sentencing discretion." State v. Jones, 99-2207 (La.1/29/01), 778 So.2d 1131, 1133. Prior criminal activity is one of the factors to be considered by the trial judge in sentencing a defendant. Prior criminal activity is not limited to convictions. State v. Washington, 414 So.2d 313, 315 (La. 1982); State v. McCorkle, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212, 1219.
The pre-sentence investigation report (PSI) contains evidence of defendant's prior criminal activity, including several prior arrests. Among the offenses for which defendant was arrested are disturbing the peace and speeding in 1983, and aggravated assault in 1988. The defendant was also arrested for first offense DWI in 1993, which led to a conviction, followed by the instant offense in 1999.
The PSI indicates that defendant has a history of alcohol use. Defendant, who was forty-one years old at the time of the offense, told the officer conducting the presentence investigation that he consumes a case of beer every other weekend since his divorce. The victim's mother, Kathy Dempster, said in her statement attached to the PSI, that defendant had been previously warned about drinking and driving to no avail. The victim's fourteen-year-old sister pled for a severe sentence to prevent defendant from drinking and driving as he had done in the past. Even one of the letters on defendant's behalf acknowledges that defendant "did have a drinking problem."
*976 The trial judge's written reasons indicate that the judge found defendant's actions following the accident adversely affected the victim's survival. The information in the record seems to support the trial judge's finding. According to Mrs. Dempster, the victim drowned in two feet of water. Mrs. Dempster related that rescue personnel were on the scene within five minutes of the crash, and told her the victim could have been saved. The state trooper's narrative supplement reflects that defendant did not admit driving the car until after he was arrested at the hospital.
Under similar factual circumstances, State v. Cook, 95 2784 (La.5/31/96), 674 So.2d 957, 958-959 (per curiam), cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996), held that a nine-year sentence was not constitutionally excessive for a defendant who pled no contest to vehicular homicide after striking an eighteen-year-old bicyclist and then left him to die by drowning in a muddy ditch. In that case, the defendant was a single mother who maintained gainful employment. However, the trial court found the defendant's flight from the scene "`manifested deliberate cruelty to the victim' adding to `this already serious act ... a greater degree of culpability' because it `could have meant the difference between an individual living and dying.'" Id. at 958. See also, State v. Trahan, 93-1116 (La.App. 1 Cir. 5/20/94), 637 So.2d 694, 708-709.
In the present case, the trial court concluded that defendant's actions following the accident showed a complete disregard for human life because he denied driving and delayed giving information to rescue personnel about the victim's location. The record seems to support the trial judge's conclusions, considering that the autopsy report indicates Dempster only had superficial injuries to his head and that there was no severe head or cerebral damage. After considering the record, including the letters attached to the PSI from the victim's mother and sister, and defendant's friends and former employer, the trial judge obviously concluded that a sentence of one-half the maximum term of imprisonment was appropriate. "The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion." State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158, 1167. Under all of the circumstances in this case, we see no abuse of the trial court's sentencing discretion.
In our review of the record for errors patent pursuant to La.C.Cr.P. art. 920, we find that the sentence is illegally lenient as it does not impose the mandatory fine. Neither the state, nor the defendant has presented the issue for our review. While we recognize our authority to correct the sentence on our own motion, we decline to take such action. See; State v. Turner, 03-325 (La.App. 5 Cir. 6/19/03), 850 So.2d 811, 819, writ denied, 03-2170 (La.1/30/04), 865 So.2d 74. We also note that the trial court failed to require defendant to participate in appropriate treatment programs. Because we find this may be of benefit to defendant, we remand the matter to the trial court for compliance with this portion of La.C.Cr.P. art. 14:32.1(B).
Accordingly, the defendant's guilty plea and sentence are affirmed. The matter is remanded to the trial court for consideration of the appropriate treatment program in accordance with La.C.Cr.P. art. 14:32.1(B).
AFFIRMED AND REMANDED.