STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-757


STATE OF LOUISIANA

VERSUS

M.L.M.


\**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 61083
HONORABLE ROBERT EDWARD BURGESS, DISTRICT JUDGE

\**********

MARC T. AMY
JUDGE

\**********

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

**SENTENCES VACATED; REMANDED.**


**Don M. Burkett**
**District Attorney**
**Anna L. Garcie**
**Assistant District Attorney**
**Post Office Box 1557**
**Many, LA  71449**
**(318) 256-6246**
**COUNSEL FOR APPELLEE:**
 **State of Louisiana**

**William D. Dyess**
**Post Office Drawer 420**
**Many, LA  71449**
**(318) 256-5667**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **M.L.M.**

AMY, Judge.

## Factual and Procedural Background

According to the factual basis supplied by the State at the defendant's guilty plea hearing, the defendant, M.L.M.,[1] was stopped on November 25, 2005, after a deputy with the Sabine Parish Sheriff's Department observed him crossing the center line. The deputy detected a strong odor about the defendant's person and noticed that his two-year old daughter was inside the vehicle. Because he did not successfully complete the standard field sobriety test, the defendant was arrested and transported to the detention center where he refused testing. The defendant was charged by bill of information with "driving while intoxicated child endangerment - 3rd [offense], La.RS 14:98J[.]" (Docket number 07-757).

On January 17, 2006, the defendant ran his vehicle into a ditch. When the Louisiana State Police arrived, they detected a strong odor of alcohol about the defendant's person and conducted a field sobriety test, which the defendant did not complete successfully. Consequently, the defendant was arrested and advised of his rights relating to chemical testing. He submitted a sample of .308 grams BAC (blood alcohol concentration). By bill of information, the defendant was charged with driving while intoxicated, fourth offense, a violation of La.R.S. 14:98(E). (Docket number 07-758).

On November 7, 2006, the defendant pled guilty in both docket numbers to driving while intoxicated, third offense, a violation of La.R.S. 14:98(D). Pursuant to the plea agreement, the child endangerment charge as well as two unrelated charges were dismissed. On each count, the defendant was sentenced to five years at hard labor, to be served consecutively. The defendant appeals, arguing that the trial court

---

[1] Pursuant to La.R.S. 46:1844(W), the initials of the defendant have been used.

failed to sentence him to home incarceration pursuant to La.R.S. 14:98 and that his sentences were excessive.[2] For the following reasons, we vacate the defendant's sentences and remand the matter for resentencing.

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we identify one error patent.

Louisiana Revised Statutes 14:98(D)(1)(a), the penalty provision for operating a vehicle while intoxicated, third offense, indicates that the sentence requires the imposition of a mandatory fine of $2,000.00. Here, the trial court failed to impose the fine. Thus, the defendant received an illegally lenient sentence, which this court has the authority to correct under La.Code Crim.P. art. 882. "This correction may be made despite the failure of either party to raise the issue." *State v. Leday*, 05-1641, p. 5 (La.App. 3 Cir. 5/3/06), 930 So.2d 286, 289. "However, if correction involves the exercise of sentencing discretion . . . the case must be remanded for the trial court to perform that function." *State v. Buckley*, 02-1288, p. 2 (La.App. 3 Cir. 3/5/03), 839 So.2d 1193, 1195 (*quoting State v. Fraser*, 484 So.2d 122, 124 n.5 (La. 1986) (alteration in original). *See also State v. Phillips*, 04-827 (La.App. 3 Cir. 11/10/04), 887 So.2d 670; *Leday*, 930 So.2d 286; and *State v. Morain*, 06-710 (La.App. 3 Cir. 11/2/06), 941 So.2d 720. Accordingly, we vacate the defendant's sentences and remand the matter for resentencing.

---

[2] The defendant's sentences are appealed under separate docket numbers. While both sentences are discussed herein, *see also State of Louisiana v. M.L.M.*, 07-758 (La.App. 3 Cir. _/_/08), _ So.2d _.

2

*Assignments of Error*

The defendant argues that the "[t]rial [c]ourt failed to sentence [him] in conformity with LSA R.S. 14:98 to home incarceration and other sentencing provisions and failed to take into consideration the legislative intent to obtain treatment for those individuals suffering from alcohol addiction rather than placing those persons in incarceration." Further, the defendant contends that his sentences are excessive.

Given the above determination that the defendant's sentences must be vacated, discussion of the defendant's assignments of error are pretermitted.

## DECREE

For the foregoing reasons, the defendant's sentences are vacated, and we remand the matter to the trial court for resentencing.

**SENTENCES VACATED; REMANDED.**