STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1546

STATE OF LOUISIANA

VERSUS

RANDALL J. MORAIN

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 274,397
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.


James C. Downs
District Attorney - 9th JDC
Michael W. Shannon
Assistant District Attorney
701 Murray Street
Alexandria, LA 71301
(318) 473-6650
Counsel for State-Appellee:
State of Louisiana

Mark Owen Foster
Louisiana Appellate Project
P. O. Box 2057
Natchitoches, LA 71457
(318) 572-5693
Counsel for Defendant-Appellant:
Randall J. Morain

**PICKETT, Judge.**

## FACTS

This court provided the following statement of the case in *State v. Morain*, 07-1207, pp. 1-2 (La.App. 3 Cir. 4/2/08), 981 So.2d 66, 67:

> In this case, the defendant, Randall J. Morain, entered a plea of guilty to the offenses of vehicular homicide, in violation of La.R.S. 14:32.1(A)(1) and (2), and first degree vehicular negligent injuring, in violation of La.R.S. 14:39.2(A)(1) and (2). Thereafter, he was sentenced to twenty-five years for the vehicular homicide offense, the first eight years to be served without the benefit of probation, parole, or suspension of sentence, and five years for the vehicular negligent injury offense, the sentences to run concurrently. Defendant filed a motion to reconsider the vehicular homicide sentence and was subsequently resentenced to twenty years, with the first eight years to be served without benefit of probation, parole, or suspension of sentence. Defendant then appealed the sentence to this court. We held that his sentence was indeterminate and illegally lenient and remanded the matter to the trial court. *State v. Morain*, 06-710 (La.App. 3 Cir. 11/2/06), 941 So.2d 720. On remand, the trial court sentenced Defendant on the vehicular homicide charge to twenty years at hard labor, the first eight years to be served without benefit of probation, parole, or suspension of sentence, imposed a fine of $2,000, and ordered him to participate in a court-approved substance abuse program and a court-approved driver improvement program.
>
> Defendant is now before this court on appeal and alleges that the trial court failed to comply with La.Code Crim.P. art. 894.1(C) in sentencing him and that the maximum sentence imposed by the trial court was cruel, unusual, and excessive, in violation of Article I, § 20 of the Louisiana Constitution of 1974. For the following reasons, we vacate the sentence and remand the matter to the trial court for resentencing.

The defendant was again sentenced on September 29, 2008, to serve fifteen years at hard labor, eight years to be served without benefit of parole, probation or suspension of sentence, and to pay a fine of two thousand dollars. The defendant's counsel made an oral motion for a rehearing, regarding the sentence, which was denied.

1

From this sentence, the defendant timely appeals. His only assignment of error is that his sentence is excessive, urging that he was not the "worst type of offender" and that his sentence is cruel, unusual, and excessive.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there no errors patent.

**DISCUSSION**

The following recitation of facts were taken from *Morain*, 941 So.2d at 721:

> On May 17, 2004, seventeen-year-old Evan Ammons had a flat tire on Interstate 49 while on his way to work. He called his stepfather, Alberto Hinojosa, and his mother for assistance with changing the tire. Mr. Hinojosa, his wife, and their two children arrived, and Mr. Hinojosa parked their van in front of Evan's vehicle on the shoulder of the interstate. As Mr. Hinojosa was assisting Evan with changing the tire, the Defendant's vehicle veered onto the shoulder and struck them. Evan died at the scene of the accident, and Mr. Hinojosa sustained serious injuries. The Defendant's blood was tested after the accident, and the blood alcohol content was measured at 0.10g percent.

In *Morain*, 981 So.2d at 69-73, this court discussed the law and legal analysis to be utilized in excessive sentence claims:

> In this second assignment of error, Defendant alleges that his sentence is cruel and unusual. Initially, we note that the twenty-year sentence was the maximum at the time of the offense. As Defendant's only allegation is that his sentence is excessive, we can only evaluate his claim as a bare claim of excessiveness. Additionally, we note that in this assignment of error, Defendant attacks only his sentence for vehicular homicide.
>
> We have set forth the following standard to be used in reviewing excessive sentence claims:
>
> > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity

2

of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-0838 (La.2/1/02), 808 So.2d 331 (alteration in original).

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, we have held that:

[A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-0562 (La.5/30/03), 845 So.2d 1061.

In *State v. Whatley*, 06-316 (La.App. 3 Cir. 11/2/06), 943 So.2d 601, *writ denied*, 06-2826 (La.8/31/07), 962 So.2d 424, we discussed the factors that a reviewing court should consider in determining if a trial court abused its discretion in imposing a sentence. In *Whatley*, citing *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57,

3

*writ denied*, 99-0433 (La.6/25/99), 745 So.2d 1183, we annunciated three factors that a reviewing court should take into consideration in abuse of discretion cases: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts.

In following the guidelines of *Lisotta*, the nature of the offense in the instant matter is vehicular homicide, a violation of La.R.S. 14:32.1, which now carries a maximum sentence of thirty years at hard labor, but as we have stated, the maximum sentence was only twenty years at the time of the offense. Unquestionably, the legislature intended to convey the serious nature of the offense by the severity of the punishment at the time of the offense and by substantially increasing the punishment only months after the crime occurred in this case. Certainly, this is a serious crime as was so articulately explained by the trial court in its sentencing of Defendant. Death and serious injury was visited upon a family in their full view. There is no measure of punishment to this defendant that can erase this crime, ease their pain, or comfort this family.

Our review of the second prong of the *Lisotta* guidelines reflects that Defendant had no criminal history, raised two daughters as a single parent, and served a tour of duty in Vietnam as a member of the armed forces. He had no prior DWI charges or offenses, was employed as a police officer in Baton Rouge for ten-and-a-half years, suffers from post-traumatic stress disorder, severe depression, various health problems, and has a drinking problem. His blood alcoholic content was marginally over the legal limit. Furthermore, Defendant accepted accountability for his conduct and showed great remorse for the consequences of his misconduct. Clearly, Defendant is not the worst type of offender for whom the maximum sentences are reserved.

Finally, we will address the third *Lisotta* factor by reviewing the sentences imposed for similar crimes by our trial courts. It is apparent that a reviewing court should consider sentences imposed by other courts to provide consistency in the punishment for similar crimes for similarly situated offenders. Before addressing other opinions, we are reminded of a seminal sentencing precept: "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225.

The State takes the position that the trial court did not abuse its discretion when imposing the maximum sentence and cites two cases in support of their position: *State v. Crenshaw*, 39,586 (La.App. 2 Cir. 4/6/05), 899 So.2d 751, *writ denied*, 05-1531 (La.1/27/06), 922 So.2d 544, and *State v. Cullipher*, 02-390 (La.App. 3 Cir. 10/2/02), 827 So.2d 589. In *Crenshaw*, our colleagues in the second circuit held that two maximum sentences of twenty years and five years for vehicular negligent injuring, to be served consecutively, were not excessive where

4

the defendant was convicted of two counts of vehicular homicide. The defendant in *Crenshaw*, while driving intoxicated, killed two persons and injured another, caused a large amount of economic loss, had a blood alcohol content almost three times the legal limit, showed a lack of remorse after the accident, was driving at speeds of eighty miles per hour on city streets, and had three prior DWI convictions.

In *Cullipher*, we held that a fifteen-year-sentence with five years suspended (twenty years was the maximum sentence at the time of the offense) for vehicular homicide was not excessive. *Cullipher* had a blood alcohol content almost twice the legal limit and had a previous DWI conviction. Furthermore, on the day in question, Cullipher began drinking at 3:30 in the afternoon and continued to do so into the evening when he went to a local bar and drank to the point of becoming ill. His wife attempted to bring him home, but he refused her offer.

Clearly, *Crenshaw* and *Cullipher* are distinguishable from the case at bar. Both of the defendants in those cases were much more serious offenders than Defendant herein. In the instant matter, Defendant's blood alcohol content was just slightly over the legal limit, he showed remorse for the consequences of his conduct, had no prior DWI convictions, and had not been involved in any other criminal activity. Furthermore, in *Cullipher*, even in light of his past conduct and the gravity of the vehicular homicide offense, he did not receive the maximum sentence of twenty years.

One of the cases cited by Defendant in support of his proposition that his sentence is excessive is *State v. Blackmon*, 99-391 (La.App. 3 Cir. 11/3/99), 748 So.2d 50, *writ denied*, 99-3328 (La.4/28/00), 760 So.2d 1174, where this court held that a fifteen-year-sentence (the maximum sentence at the time of the offense in that case) for vehicular homicide was not excessive based on the facts of the case. In *Blackmon*, the defendant had a blood alcohol content twice the legal limit at the time of the offense and was involved in two separate accidents while intoxicated, one accident was a hit-and-run and the other resulted in a fatality. He was also driving with his girlfriend and two small unrestrained children, had a previous DWI conviction, and received the benefits of a plea agreement where other charges related to driving while intoxicated were not pursued by the District Attorney.

Another case cited by Defendant is *State v. Yates*, 574 So.2d 566 (La.App. 3 Cir.), *writ denied*, 578 So.2d 131 (La.1991), again where this court held that two consecutive five-year sentences (the maximum sentence at that time) for two counts of vehicular homicide were not excessive based on the facts of the case. In *Yates*, the defendant operated a vehicle while intoxicated, had a head-on collision with another vehicle carrying four persons, of which two died as a result of the accident, had

5

two prior DWI convictions, showed no remorse for his conduct, and continued to drink on a daily basis after the accident.

Once again we are reminded of two key aspects of sentencing: (1) maximum sentences are reserved for the most serious offenses and offenders, and (2) that there should be some relative sense of consistency when imposing maximum sentences. With that in mind, we will review several other cases involving vehicular homicide. In *State v. Guillory*, 93-1031 (La.App. 3 Cir. 4/27/94), 640 So.2d 427, *writ denied*, 94-1380 (La.9/30/94), 642 So.2d 869, this court held that a fifteen-year-sentence (the maximum sentence for vehicular homicide at the time of the offense) was not excessive where the defendant pled guilty to three counts of vehicular homicide and the sentences were ordered to be served concurrently. With a blood alcohol content almost three times the legal limit at the time of the offense, the defendant operated a vehicle that ultimately collided with a second vehicle causing the death of three persons and seriously injuring a fourth. *Id.* Additionally, the defendant in Guillory had one prior felony conviction and three misdemeanor convictions and on the night of the accident, after drinking in excess, was urged twice by others not to drive.

On the other end of the spectrum, in *State v. Gibson*, 97-108 (La.App. 3 Cir. 4/30/97), 693 So.2d 286, we held that a nine-year sentence for vehicular homicide was not excessive based on the circumstances of that case. Testimony was adduced at trial in *Gibson* that the defendant had a blood alcohol level almost twice the legal limit at the time; she had been drinking a great part of the day; was warned by her father, a law enforcement officer, that she should not drink and drive; she showed little remorse for her conduct after the accident; and pled guilty to public drunkenness while awaiting trial. At the time Gibson was sentenced, the maximum offense for vehicular homicide was fifteen years. She received a sentence of nine years, which is just over half of the maximum sentence. A case worth noting is *State v. Trahan*, 93-1116 (La.App. 1 Cir. 5/20/94), 637 So.2d 694, which was cited within *Gibson*. That case discussed the sentence of a first-time felony offender, without a criminal record, who was convicted of three counts of vehicular homicide and received three, ten-year sentences to be served concurrently. It was determined at trial that Trahan had a blood alcohol content of .10% or greater at the time of the accident, he showed little remorse for his conduct after the accident, and, while awaiting trial, he was observed driving after having several drinks at a bar. The court in *Trahan* concluded that based on the circumstances of his case and his conduct subsequent to the accident, Trahan's sentence was not excessive.

Finally, in *State v. Adair*, 04-120 (La.App. 5 Cir. 5/26/04), 875 So.2d 972, the appellate court held that a ten-year sentence for vehicular homicide was not excessive. In *Adair*, the defendant operated a vehicle

while his blood alcohol content was more than twice the legal limit; had a previous criminal record, including a DWI conviction and an aggravated assault conviction; had been warned previously by family members that he should not drink and drive; and failed to accept responsibility for the accident until after he was taken to the hospital after the accident. The ten-year sentence that Adair received was half of the maximum that could have been imposed at that time.

While this is a tragic and unforgivable accident, based on the foregoing analysis where offenders received maximum sentences, Defendant's conduct and offense contrast notably from the others. Accordingly, we find that Defendant was not the worst type of offender for whom maximum sentences are typically reserved. See *State v. Runyon*, 05-36 (La.App 3 Cir. 11/2/05), 916 So.2d 407, *writs denied*, 06-1348 (La.9/1/06), 936 So.2d 207, 06-0667 (La.11/17/06), 942 So.2d 526, where this court vacated and remanded for resentencing a case in which the defendant had received a maximum sentence, where the court deemed his culpability in the crime was not on the same level as his co-defendant, who also received a maximum sentence. *See also, State v. Whatley,* 867 So.2d 955, 959, where this court vacated and remanded for resentencing, stating:

> The state has not cited any indecent behavior cases comparable to the defendant's where the maximum sentence was imposed. Considering only a bare claim of excessiveness, and without considering the merits of the specific assignments of error, we still conclude that, based on the record before us, the evidence does not establish that the defendant is one of those worst offenders upon whom the maximum penalty should be imposed.

At the time of the accident, Louisiana Revised Statutes 14:32.1(B), provided:

> Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than two years nor more than twenty years. At least one year of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court shall require the offender to participate in a court-approved substance abuse program or a court-approved driver improvement program, or both. All driver improvement courses required under this Section shall include instruction on railroad grade crossing safety.

On remand, the trial judge, in imposing sentence, stated:

Okay. And Mr. Morain had previously filed a Motion to Invoke Supervisory Authority with the Third Circuit, that was returned, so I will

7

file his copy that he sent me into the record as, ah, Defendant-1, so that that'll [sic] be in the record too. Okay. On, on, ah, May 17, 2004, seventeen year old Evan Am, Ammons had a flat tire on Interstate 49 while on his way to work. He called his Stepfather and his Mother for assistance in changing the tire. Mr. Himojosa, his wife, and their two children arrived at the scene. Mr. Himojosa parked their van in front of Evan's vehicle on the shoulder of the Interstate, and began assisting Evan in changing the tire. Suddenly and without warning the vehicle ri [sic], driven by Randall Morain veered into the shoulder and struck them. Evan died at the scene; Mr. Himojosa suffered serious injuries. Everything that occurred, occurred in the presence of Evan's family. Ah, Mr. Morain's blood was tested after the acci [sic], accident, and his blood alcohol content was over the legal limit. Considering the factors set forth in Article 894.1, I have considered the mitigating effect of the prior military service; ten and a half years as a police officer with the Baton Rouge City Police, both as a uniform officer and then as a detective in the homicide, in homicide division. I've also considered you worked at various other security positions in law enforcement capacities, in addition I've considered the mitigating factors of the post traumatic stress disorver (phonetic), disorder, severe depression, continuing substance abuse and other various health problems you've suffered. Ah, as part of the analysis I've also had to consider the aggravating factors. You continued to drive in the face of a known alcohol problem. Almost the entire family was present when you killed Evan, single-handedly destroyed a family and friend, ah, circle of friends. You've destroyed your family. There are terrible consequences. You choose to accept that risk. Certainly based upon your life experience you had to know the consequences of your decision to drink and drive. Ah, I've gone through all the other factors; not all of 'em apply. I, I never . . . I don't know where the Third Circuit got the remorseful behavior; I've never witnessed the victim, ah, the Defendant showing any remorse. I did consider the fact that he has no history of a prior delinquency or criminal activity. I did consider the, whether or not the imprisonment of the Defendant would entail an excessive hardship to him or his dependents. The Legislature has raised the maximum sentence in this case to thirty years to reflect the seriousness of the crime. Ah, considered that. Considered the victim impact statements, testimony of the friends and family, and the reviewing factors as set forth in the Third Circuit decision. Based upon that analysis, I sentence you to fifteen years at hard labor, eight years to be served without benefit of parole, probation or suspension of sentence. I fine you Two thousand dollars and order you to participate in a Court approved substance abuse program, and a Court approved driver improvement program. You have two years to apply for post conviction relief and thirty days to appeal this sentence. Thank you.

The defendant, in brief, argues that his sentence is unconstitutionally excessive: (1) under the facts of the case, the fifteen-year sentence is excessive; and (2) the imposition of a sentence of eight years without benefit of probation, parole or suspension of sentence is excessive. In support of his argument, he cites the cases discussed by the court in *Morain*, 981 So.2d 66.

The defendant also cites *State v Spencer*, 00-1335 (La.App. 3 Cir. 2/28/01), 781 So.2d 780 and *State v. Manuel*, 98-79 (La.App. 3 Cir. 10/28/98), 722 So.2d 31, *writ denied*, 01-3031 (La. 9/20/02), 825 So.2d 1165. These cases are cited for the proposition that a sentence not individualized to the defendant is not in compliance with La.Code Crim.P. art. 894.1.

The guiding principles are: (1) does the sentence shock the sense of justice or make no measurable contribution to acceptable penal goals; (2) the trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion; and (3) did the trial court abuse its broad sentencing discretion, not whether another sentence might have been more appropriate. *Barling*, 779 So.2d 1035.

In his ruling, the trial judge noted consideration of the increase by ten years of the maximum sentence, in La.R.S. 14:32.1, from that in place at the time of the accident. This court in *Morain*, 981 So.2d 66, noted this same factor as evidence of the legislature's intent to convey the serious nature of the offense, noting the severity of the punishment at the time of the offense and the substantial increase of the punishment only months after the crime occurred in this case.

Additionally, the trial court specifically found that the defendant had not shown any remorse for the crime. He stated that he had never observed the defendant show

9

any remorse. He did consider the mitigating factors noted by this court in *Morain*, 981 So.2d 66.

As noted in prior consideration by this court, jurisprudence setting sentences in similar cases offers widely disparate sentences being assessed for the same crime. In the instant case, the question of whether the instant sentence is deemed to "shock the sense of justice or make no measurable contribution to acceptable penal goals," must be answered in the negative.

The sentence was structured by the trial judge to fit the facts as determined by the court. The sentence cannot be deemed to be so "grossly disproportionate to the severity of the crime" as to be shocking.

The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. As the trial court "has wide discretion in the imposition of sentence within the statutory limits," it cannot be said that the court manifestly abused its discretion.

## CONCLUSION

The trial court did not abuse its discretion in imposing the sentence assessed herein. The sentence is be affirmed.

**AFFIRMED.**