NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-514

STATE OF LOUISIANA

VERSUS

ALFRED LEONCE ARCENEAUX

AKA - ALFRED L. ARCENEAUX

AKA - ALFRED ARCENEAUX

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR-147514
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and David Kent Savoie, Judges.

AFFIRMED, WITH INSTRUCTIONS.

**Keith A. Stutes, District Attorney**
**Daniel M. Landry, III**
**First Assistant District Attorney**
**15th Judicial District Court**
**P. O. Box 3306**
**Lafayette, LA 70506**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**P.O.Box 2125**
**Lafayette, LA 70502**
**(225) 806-2930**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Alfred Leonce Arceneaux**

**SAUNDERS, Judge.**

Defendant Alfred Leonce Arceneaux was charged on September 10, 2014, with aggravated flight from a police officer, a violation of La.R.S. 14:108.1(C). On January 21, 2015, Defendant was tried by the trial court and found guilty as charged. He was sentenced on April 23, 2015, to the maximum sentence of two years at hard labor. At the sentencing hearing, Defendant requested home incarceration for his two year sentence, which the trial court denied. Defendant did not file a motion to reconsider the sentence.

Defendant has perfected a timely appeal, wherein he alleges that the maximum sentence is constitutionally excessive in his case. For the following reasons, we affirm Defendant's sentence.

## FACTS:

On May 16, 2014, Defendant was issued citations for aggravated flight from an officer, obstruction of justice, and resisting an officer. He was also issued citations for an expired inspection sticker, careless operation of a vehicle, and driving with a suspended license. Defendant had a bench trial and was found guilty as charged.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there are two errors patent.

Defendant was entitled to a jury trial in this case. *See* La.R.S. 14:108.1 and La.Code Crim.P. art. 782. Louisiana Code of Criminal Procedure Article 780 was amended in 2013 to provide as follows:

> A. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge.

B. The defendant shall exercise his right to waive trial by jury in accordance with Article I, Section 17 of the Constitution of Louisiana. The waiver shall be by written motion filed in the district court not later than forty-five days prior to the date the case is set for trial. *The motion shall be signed by the defendant and shall also be signed by defendant's counsel unless the defendant has waived his right to counsel.*

C. With the consent of the district attorney the defendant may waive trial by jury within forty-five days prior to the commencement of trial.

D. A waiver of trial by jury is irrevocable and cannot be withdrawn by the defendant.

(Emphasis added).

The effective date of the amendment to Art. 780 was June 17, 2013. Thus, the requirement that the jury trial waiver be in writing was in effect at the time of the January 21, 2015 waiver in this case. The record reveals no written waiver of jury trial as required by La.Code Crim.P. art. 780. However, Defendant and his attorney were in open court when the judge addressed his right to a jury trial and Defendant's waiver thereof.

In *State v. Bell*, 13-1443 (La.App. 3 Cir. 6/4/14), 140 So.3d 830, this court held that the absence of a written waiver of jury trial as required by La.Code Crim.P. art. 780 was harmless error where the defendant and his counsel were in open court when the judge addressed the defendant's right to a jury trial and his waiver thereof. Accordingly, the error in failing to obtain a written waiver in violation of La.Code Crim.P. art. 780 is harmless under the facts of this case.

Next, the record does not indicate that the trial court advised Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Thus, the trial court is directed to inform Defendant of the provisions of article 930.8 by sending appropriate written notice to him within ten days of the rendition of the opinion and to file written proof in the record that

Defendant received the notice. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## ASSIGNMENT OF ERROR:

Defendant's sole assignment of error is that the maximum sentence of two years at hard labor for an offense of aggravated flight from a police officer is constitutionally excessive under the circumstances of his case.[1] We disagree.

In brief, Defendant states that at the hearing, he "made a contemporaneous, oral motion to reconsider the sentence and stated specific grounds for the court to reconsider, thus complying with the requirements of La.[Code Crim.P. ]art. 881[.1](B) in order to preserve this issue for review." Louisiana Code of Criminal Procedure Article 881(B) provides that "[t]he motion shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based." Following the pronouncement of the sentence of two years imprisonment at hard labor, counsel for Defendant stated:

> Your Honor, the defendant has asked me to convey to the Court that because he has four children and he is supporting his family and he has a job, for him to be sentenced to serve his two years through home incarceration. He has the financial ability to pay $300 a month to a home incarceration company or to the DOC to be able to do it that way so that he can maintain his employment and continue to support his four children.

However, Defendant did not object after the trial court denied this request, nor did he object to the sentence as being excessive. Pursuant to La.Code Crim.P. art. 881.1(E):

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

_____

[1]Subsequent to Defendant's conviction for aggravated flight from a police officer, La.R.S. 14:108(E) was amended to increase the maximum sentence to five years imprisonment. 2014 La. Acts No. 50, § 1.

In *State v. Bamburg*, 00-675 (La.App. 3 Cir. 11/2/00), 772 So.2d 356, the defendant failed to object to the sentence imposed at the sentencing hearing and did not timely file a motion to reconsider sentence. Thus, this court found his claim of excessiveness of sentence was barred. *See also State v. Williams*, 01-998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-578 (La. 1/31/03), 836 So.2d 59; *State v. Algere*, 09-85 (La.App. 3 Cir. 6/3/09) (unpublished opinion); *State v. Robinson*, 09-735 (La.App. 3 Cir. 12/9/09) (unpublished opinion); *State v. Stapleton*, 09-891 (La.App. 3 Cir. 2/3/10) (unpublished opinion); *State v. Gresham*, 10-474 (La.App. 3 Cir. 11/3/10) (unpublished opinion), *writ denied*, 10-2699 (La. 4/25/11), 62 So.3d 90.

However, this court has reviewed claims of excessiveness where no objection was made and no motion to reconsider sentence filed. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, __ U.S. __, 131 S.Ct. 932 (2011); *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127; *State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352; *State v. H.J.L.*, 08-823 (La.App. 3 Cir. 12/10/08), 999 So.2d 338, *writ denied*, 09-606 (La. 12/18/09), 23 So.3d 936; *State v. Quinn*, 09-1382 (La.App. 3 Cir. 5/12/10), 38 So.3d 1102, *writ denied*, 10-1355 (La. 1/7/11), 52 So.3d 885.

We choose to do the latter. Thus, the sentence will be analyzed under a bare excessiveness claim. *See State v. Clark*, 06-508 (La.App. 3 Cir. 9/27/06), 940 So.2d 799, *writ denied*, 06-2857 (La. 9/21/07), 964 So.2d 324.

In *State v. Walker*, 96-112, pp. 3-4 (La.App. 3 Cir. 6/5/96), 677 So.2d 532, 534-35, *writ denied,* 96-1767 (La. 12/6/96), 684 So.2d 924, this court held:

> Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the

circumstances. *State v. Sepulvado*, 367 So.2d 762 (La.1979); *State v. Naquin*, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981); *State v. Everett,* 530 So.2d 615 (La.App. 3 Cir.1988), *writ denied*, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *State v. Howard,* 414 So.2d 1210 (La.1982).

Furthermore, "[a] trial court must look at the particular circumstances of the case and the defendant's background in order to impose a sentence that is suited for him. On review, the issue is not whether another sentence would have been more appropriate; rather, it is whether the trial court abused its discretion." *State v. Beverly*, 03-1348, p. 2 (La.App. 3 Cir. 3/3/04), 867 So.2d 107, 110 (footnotes omitted); *See also State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied,* 519 U.S. 1043, 117 S.Ct. 615 (1996).

In the current case, at the sentencing hearing, after the trial court noted that it had reviewed the presentence investigation report and ascertained that Defendant had had an opportunity to also review the report with no objection, the trial court stated:

> Okay. I have considered the mitigating factors and aggravating factors in reference to Mr. Arceneaux. I looked at his home life. I think he's got children and a wife that he's taking care of and supports and taking care of these children.
>
> I also looked at the aggravating factors. Mr. Arceneaux has an extremely messy sheet of arrests and convictions, both traffic and drug offenses. Is that correct Mr. Arceneaux?
>
> MR. ARCENEAUX: Yes, sir.
>
> THE COURT: With that in mind, considering the facts of both mitigating and aggravating, I sentence you under the statutes, these two statutes. The statute requires hard labor not more than two years and may be fined not more than $2,000. The previous statute which

you will be sentenced under I find that I have no choice but to impose the maximum of two years at hard labor.

In pertinent part, La.R.S. 14: 108.1 provided at the time of the offense:

(C) Aggravated flight from an officer is the intentional refusal of a driver to bring a vehicle to a stop or of an operator to bring a watercraft to a stop, under circumstances wherein human life is endangered, knowing that he has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe that the driver or operator has committed an offense. The signal shall be given by an emergency light and a siren on a vehicle marked as a police vehicle or marked police watercraft.

(D) Circumstances wherein human life is endangered shall be any situation where the operator of the fleeing vehicle or watercraft commits at least two of the following acts:

(1) Leaves the roadway or forces another vehicle to leave the roadway.

(2) Collides with another vehicle or watercraft.

(3) Exceeds the posted speed limit by at least twenty-five miles per hour.

(4) Travels against the flow of traffic or in the case of watercraft, operates the watercraft in a carless manner in violation of R.S. 34:851.4 or in a reckless manner in violation of R.S. 14:99.

(5) Fails to obey a stop sign or a yield sign.

Defendant was convicted of aggravated flight from a police officer. Louisiana Revised Statutes 14:108.1(E) provides for a range of incarceration of not more than two years for the offense of aggravated flight from an officer. Defendant was sentenced to the maximum sentence allowed by law. Generally, maximum sentences are reserved for the most serious violations and the worst of offenders. *State v. Morain,* 08-1546 (La.App. 3 Cir. 6/3/09), 11 So.3d 733, *writ denied,* 09-1670 (La. 4/30/10), 34 So.3d 282. For this reason, Defendant argues that the maximum sentence in this case is constitutionally excessive.

6

Defendant acknowledges that "[e]vidence was introduced to establish every element necessary for the crime and, arguably, that evidence was credible." However, he contends that because the arresting deputy's testimony did not indicate that any person was endangered during the flight, the trial court should have taken that as a sufficient mitigating factor to reduce the sentence. The officer testified that the chase took place on rural roads, that Defendant was traveling at a speed of sixty miles per hour in a thirty-five mile zone, that he coasted through two stop signs, that his vehicle crossed the center line in a curve, and that he had noticed only one other car on the roadway during the whole time of the pursuit, which Defendant did not run off the roadway. Defendant points to various cases where drivers who had been convicted of aggravated flight from an officer actually put human lives in danger by crashing into cars or speeding through stop lights at speeds of over one hundred miles per hour, and they received either the maximum sentences or even lesser sentences. *See State v. Bates,* 37,282 (La. App. 2 Cir. 10/16/03), 859 So.2d 841, *writ denied*, 04-141 (La. 5/21/04), 874 So.2d 173; and *State v. McGinnis,* 07-1419 (La.App. 3 Cir. 4/30/08), 981 So.2d 881.

While Defendant argued at the sentencing hearing that he had a job and has four children whom he supports, this information was not included in the presentence investigation report because Defendant failed to report for the interview. The presentence investigation report showed that Defendant, who was thirty-six at the time of sentencing, had over sixty arrest incidences since 1998. There were over fifty traffic violations, including but not limited to, driving on suspended licenses, speeding, driving through stop signs, hit and run, expired inspection stickers, and no child restraints. There were convictions for flight from a police officer in 2001, 2006, and 2008. There were convictions for drug possession, resisting arrests, theft, and several arrests for simple battery, domestic

7

battery, and aggravated battery. The presentence report also indicated that there were arrests for traffic violations and distribution of drugs after the current offense was committed.

Under the circumstances of this case, we find that the maximum sentence was not so disproportionate to the crime as to shock this court's sense of justice considering Defendant's extensive criminal history. Moreover, just because a dangerous encounter with another vehicle did not happen in this case, a dangerous situation was nonetheless presented to the public, not to mention the endangerment to the persons who were passengers in Defendant's vehicle and the deputy who was attempting to pull him over. Accordingly, we find that Defendant has failed to show that the trial court abused its vast discretion in this case when it imposed the maximum sentence of two years for the offense of aggravated flight from a police officer. There is no merit to this assignment of error.

**DECREE:**

This court affirms Defendant's sentence. Furthermore, the trial court is directed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within ten days of the rendition of the opinion and to file written proof in the record that Defendant received the notice.

**AFFIRMED, WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.